

**EXHIBIT**

**Composite 1**

## FORM 1.997.    CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>ELEVENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>   COUNTY, FLORIDA

<u>OCEANIA III CONDOMONIUM ASSOCIATION, INC.</u>
Plaintiff                                                    Case # _____
                                                             Judge _____

vs.
<u>WESTCHESTER SURPLUS LINES INSURANCE COMPANY, EVEREST INDEMNITY</u>
<u>INSURANCE COMPANY</u>
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☒ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☐ over $100,000.00

**III.    TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
       ☐ Business governance
       ☐ Business torts
       ☐ Environmental/Toxic tort
       ☐ Third party indemnification
       ☐ Construction defect
       ☐ Mass tort
       ☐ Negligent security
       ☐ Nursing home negligence
       ☐ Premises liability—commercial
       ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
       ☐ Commercial foreclosure
       ☐ Homestead residential foreclosure
       ☐ Non-homestead residential foreclosure
       ☐ Other real property actions

☐ Professional malpractice
       ☐ Malpractice—business
       ☐ Malpractice—medical
       ☐ Malpractice—other professional
☐ Other
       ☐ Antitrust/Trade regulation
       ☐ Business transactions
       ☐ Constitutional challenge—statute or ordinance
       ☐ Constitutional challenge—proposed amendment
       ☐ Corporate trusts
       ☐ Discrimination—employment or other
       ☐ Insurance claims
       ☐ Intellectual property
       ☐ Libel/Slander
       ☐ Shareholder derivative action
       ☐ Securities litigation
       ☐ Trade secrets
       ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

### COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Thomas J Morgan Jr</u>      Fla. Bar # <u>127612</u>
      Attorney or party          (Bar # if attorney)

<u>Thomas J Morgan Jr  </u>      <u>10/04/2022</u>
 (type or print name)        Date

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.

                                          Case No.

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE
COMPANY,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff OCEANIA III CONDOMINIUM ASSOCIATION, INC. (**"Oceania III"**), sues

Defendants WESTCHESTER SURPLUS LINES INSURANCE COMPANY

(**"Westchester"**) and EVEREST INDEMNITY INSURANCE COMPANY (**"Everest"**)

(collectively, **"Defendants"**) and states:

1.      This is an action against Defendants for damages in excess of $30,000.00,

exclusive of attorney fees, costs, and interest.

2.      Plaintiff is a Florida corporation doing business in Miami-Dade County,

Florida.

3.      At all times material hereto, Westchester was an insurance company doing

business in Miami-Dade County, Florida.

THE MORGAN LAW GROUP

4.     At all times material hereto, Everest was an insurance company doing business in Miami-Dade County, Florida.

5.     At all times material hereto, Plaintiff was and is the owner of the property located at 16485 Collins Ave., Sunny Isles Beach, FL 33160 in Miami-Dade County, Florida (the **"Property"**).

6.     Venue is proper in Miami-Dade County, Florida, because that is where cause of action accrued and where the Property is located.

7.     Plaintiff and Defendants entered written contracts wherein Plaintiff agreed to pay Defendants a premium, and Defendants agreed to issue property insurance policies insuring the Property.

8.     Defendants maintain copies of all the issued insurance policies.

9.     At all times material hereto, the Property was insured against certain losses under a policy of insurance issued by Westchester to Plaintiff—specifically, policy number D38073229-001.

10.    At all times material hereto, the Property was insured against certain losses under a policy of insurance issued by Everest to Plaintiff—specifically, policy number CA3P005825171.

11.    At all times material hereto, the policies of insurance were in full force and effect, and Defendants had a duty to pay Plaintiff for covered losses to the Property.

12.    Plaintiffs paid all premiums due as contemplated by the insurance policies and, therefore, fully performed.

13.     On September 10, 2017, the Property sustained a loss covered under the insurance policies as a result of Hurricane Irma (the **"Covered Loss"**).

14.     Plaintiff complied with all post-loss obligations within the policies including, but not limited to: (i) proving timely notice to Defendants of the Covered Loss; and (ii) protecting the Property from further loss.

15.     Plaintiff delivered to Defendants a full account of the damages sustained to the Property due to the Covered Loss.

16.     Westchester assigned claim number KY20K2717836 to identify the loss.

17.     Everest assigned claim number 6-5149 to identify the loss.

18.     Defendants breached the terms of the insurance policies by failing to pay for the Covered Loss and further failing to establish reasonable proof that Defendants are not responsible for payment of the Covered Loss.

19.     As a direct and proximate result of Defendants' breaches of the terms of the insurance policies, Plaintiff suffered substantial damages.

20.     All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

21.     Plaintiff retained the legal services of the undersigned law firm for the prosecution of this action and is entitled to recover reasonable attorney's fees and costs pursuant to sections 627.428 or 626.9373, Florida Statutes, from Defendants.

WHEREFORE, Plaintiff OCEANIA III CONDOMINIUM ASSOCIATION, INC., demands judgment against Defendants WESTCHESTER SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY INSURANCE COMPANY for damages, plus prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and for such further relief this Court deems just and proper.

DEMAND is hereby made for trial by jury of all issues so triable as a matter of right.

Dated this 4th day of October 2022.

Respectfully submitted,

**THE MORGAN LAW GROUP**
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: (305) 569-9900
Fax: (305)443-6828
Primary: mlg.eservice@morganlawgroup.net
Secondary: wmccaughan@morganlawgroup.net
Tertiary: jjomarron@morganlawgroup.net

By: /s/ William Power McCaughan, Jr.
    Jesmany Jomarron, Esq,
    Florida Bar No.: 69165
    William Power McCaughan, Jr.. Esq.
    Florida Bar No.: 41573

# The Morgan Law Group, P.A.



**Put a Policy Advocate on Your Side**

[www.policyadvocate.com](www.policyadvocate.com) | **Phone: (888) 904-2524 | Fax: (305) 443-6828**

**Main Office: 55 Merrick Way, Suite 404 | Coral Gables, FL 33134**

**Florida | Louisiana | Mississippi | California | Puerto Rico**

**Sent via DFS**
Chief Financial Officer
200 E. Gaines Street
Tallahassee, Fl 32399

**RE:    OCEANIA III CONDOMINIUM ASSOCIATION, INC. v. WESTCHESTER
SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY
INSURANCE COMPANY**

To Whom It May Concern:

Please provide our office with five or more dates to take the deposition of your corporate representative(s), Field Adjuster who inspected Plaintiff's property and Desk Adjuster in connection with above-referenced matter within thirty (30) days. Please note that the areas of inquiry for these individuals will be as follows:

1. All issues contained within Plaintiff's Complaint;

2. Coverage for the Subject Property and damages in this matter;

3. All coverages, conditions, exclusions, exceptions, definitions, etc. for the Subject Policy.

4. Damages to the Subject Property at issue in this matter;

5. Defendant's opinion as to origin and cause of the loss at issue;

6. Defendant's reason for failing to pay the Subject Claim;

7. Any computerized damage estimating system used by the Defendant in the Subject Claim;

8. All of Defendant's defenses to coverage and payment of Plaintiff's damages;

9. Defendant's Affirmative Defenses;

10. Defendant's responses to Plaintiff's discovery requests;

11. The specific handling and processing of the subject claim, including the investigation, adjustment, and valuation of the claim;

12. Any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay the subject claim and the basis for those decisions;

13. The cause(s) of loss that Defendant attributed to the subject claim and the basis for the determination of the cause of loss;

14. Any damages to the insured property determined by Defendant to have been caused directly or indirectly by the subject incident;

15. The basis for any payment, partial payment, reduction, denial, and/or non-payment of the subject claim;

16. How the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the subject policy or why Plaintiff's claim and/or damages are not otherwise covered under the policy of insurance;

17. Any post loss conditions and exclusions relied on by Defendant in denying or failing to fully compensate Plaintiff's loss, as well as the corresponding supporting facts, documents and policy language;

18. All documents, correspondence and emails sent by Defendant in any way, shape or form to Plaintiff or Plaintiff's representative(s) relating to the incident alleged in the Complaint at any time from the date of loss to the present date;

19. All photographs, communication, estimates and reports prepared by Defendant for Plaintiff's claim;

20. The factual basis and all policy language including endorsements and amendments upon which Defendant's Answer is based, including all denials and Affirmative Defenses raised by Defendant in this cause; and

21. Defendant's responses to Plaintiff's discovery requests and all facts, documents and policy language which support Defendant's responses to Plaintiff's discovery requests.

22. Defendant's adjustment of the Subject claim;

23. Defendant's evaluation of the Subject Claim;

24. License information for all adjusters and other claim representatives involved with the handling of the Subject Claim;

25. Defendant's inspection of the Subject Property prior to the occurrence of the Subject Loss;

26. Defendant's inspection of the Subject Property subsequent to the occurrence of the Subject Loss;

27. All documents Defendant requested prior to the filing of the present lawsuit and the reason for making the request;

28. The nature, substance and location of all records in Defendant's possession, custody care or control, including expert reports which pertain to the Subject Loss and Subject Claim;

29. Defendant's denial of the Subject Claim, and;

30. Defendant's knowledge of the contents contained within the entire underwriting file an underwriting of the Subject Policy.

This is not an exhaustive list and additional areas of inquiry may be necessary depending upon additional discovery and responses to questions asked at the deposition.

Should you have any questions, please do not hesitate to contact us. In the meantime, I look forward to your anticipated prompt cooperation in this matter. Failure to provide dates within the prescribed time may necessitate the filing of a Motion to Compel.

Respectfully,

Thomas J. Morgan, Jr., Esq.

*/s/ Thomas J. Morgan, Jr.*

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**, by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **EVEREST INDEMNITY INSURANCE COMPANY**, produce legible copies of the following documents to the Plaintiff within **forty (45) days** after service of this request:

1.    A true and correct certified copy of the applicable insurance policy issued by Defendant to Plaintiff, including any and all endorsements in effect at the time of the subject loss.

2.    Any and all time sheets, logs and/or other documents reflecting the time spent by Defendant and/or it's agents at the Plaintiff's property after notification of the subject loss.

3.    Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s)

*Page 1 of 3*

and/or their agents, servants, employees, etc., in regards to the subject matter of this litigation.

4.     Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5.     Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6.     Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7.     Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8.     Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9.     A copy of the entire underwriting file for the subject policy of insurance.

10.    A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist.  Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11.    Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12.     Any and all manuals, instructions and/or other materials relied upon by Defendant in the training of adjusters and/or appraisers regarding homeowner claims.

13.     Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14.      Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15.     A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16.     Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

>                               **THE MORGAN LAW GROUP**
>                               *Attorneys for Plaintiffs*
>                               55 Merrick Way, Suite 404
>                               Coral Gables, Florida 33134
>                               Phone: 305.569.9900
>                               Fax    : 305.443.6828
>
>
>                               By:    /s/ William Power McCaughan, Jr.
>                                      William Power McCaughan, Jr. Esq.
>                                      Florida Bar No.: 41573

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA


OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCE TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**, by and through undersigned counsel, pursuant to Rule 1.350, Florida Rules of Civil Procedure, hereby requests the Defendant, **WESTCHESTER SURPLUS LINES INSURANCE COMPANY**, produce legible copies of the following documents to the Plaintiff within **forty (45) days** after service of this request:

1. A true and correct certified copy of the applicable insurance policy issued by Defendant to Plaintiff, including any and all endorsements in effect at the time of the subject loss.

2. Any and all time sheets, logs and/or other documents reflecting the time spent by Defendant and/or it's agents at the Plaintiff's property after notification of the subject loss.

3. Any and all statements, whether written, oral or recorded, taken of the Plaintiff(s)

*Page 1 of 3*

and/or their agents, servants, employees, etc., in regards to the subject matter of this litigation.

4.    Any and all statements, whether written, oral or recorded, taken of non-parties in regards to the subject matter of this litigation.

5.    Any and all invoices and bills reflecting payments made by the Plaintiff with regards to premiums for the subject policy issued by Defendant.

6.    Any and all correspondence or other written communication from Defendant to Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss.

7.    Any and all correspondence or other written communication from Plaintiff or Plaintiff's representatives, relating in any manner to the subject loss prior to the institution of this litigation.

8.    Any and all photographs, videos and/or drawings made by Defendant or it's agents and/or representatives of the Plaintiff's property which is the subject matter of this litigation.

9.    A copy of the entire underwriting file for the subject policy of insurance.

10.    A copy of the entire claim file, including any table of contents, computer notations, summaries, for the subject loss, excluding any documents to which a privilege claim may exist.  Please provide a 'Privilege Log' detailing any such documents that are being withheld and the basis for the privilege.

11.    Any and all policies, rules, regulations, memorandums, guidelines and/or procedure manuals regarding Defendant's process for investigating, evaluating and/or settling of homeowner claims.

12.     Any and all manuals, instructions and/or other materials relied upon by Defendant in the training of adjusters and/or appraisers regarding homeowner claims.

13.     Any and all estimates prepared by Defendant and/or it's agents and/or representatives regarding the subject claim of the Plaintiff.

14.      Any and all reports and/or other documents prepared by experts retained in this matter on behalf of the Defendant.

15.     A copy of any and all reports by any general contractor, engineer, roofer, electrician or other construction personnel hired by Defendant to examine and/or evaluate any aspect of the Plaintiff's subject claim.

16.     Copies of any and all drafts issued by Defendant to the Plaintiff for payment of any aspect of the Plaintiff's subject claim.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint

> **THE MORGAN LAW GROUP**
> *Attorneys for Plaintiffs*
> 55 Merrick Way, Suite 404
> Coral Gables, Florida 33134
> Phone: 305.569.9900
> Fax    : 305.443.6828
>
>
> By:   /s/ William Power McCaughan, Jr.
>        William Power McCaughan, Jr. Esq.
>        Florida Bar No.: 41573

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

vs.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

## PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**, by and through undersigned counsel, pursuant to Florida Rules of Civil Procedure 1.370, and hereby serves, **EVEREST INDEMNITY INSURANCE COMPANY**, with its First Request for Admissions to be admitted or denied within **forty-five (45) days** after service thereof, and in support thereof states:

1. Admit that you do not dispute the cause of loss as alleged in Paragraph 8 of the Complaint.

2. Admit that you do not dispute the date of loss as alleged in Paragraph 8 of the Complaint.

3. Admit that the policy described in Paragraph 5 of the Complaint was in full force and effect on or about the date of loss alleged in Paragraph 8 of the Complaint.

4. Admit that Plaintiff(s) complied with all of the post loss duties under the policy described in Paragraph 5 of the Complaint.

5. Admit that Plaintiff(s) complied with all of the conditions precedent under the policy described in Paragraph 5 of the Complaint.

6. Admit that Defendant's investigation of the loss described in Paragraph 8 of the Complaint was not prejudiced by the acts or omissions of Plaintiff(s).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

**THE MORGAN LAW GROUP**
*Attorneys for Plaintiffs*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax    : 305.443.6828


By:   /s/ William Power McCaughan, Jr.
       William Power McCaughan, Jr. Esq.
       Florida Bar No.: 41573

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

vs.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendant.
_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**, by and through undersigned counsel, pursuant to Florida Rules of Civil Procedure 1.370, and hereby serves, **WESTCHESTER SURPLUS LINES INSURANCE COMPANY**, with its First Request for Admissions to be admitted or denied within **forty-five (45) days** after service thereof, and in support thereof states:

1. Admit that you do not dispute the cause of loss as alleged in Paragraph 8 of the Complaint.

2. Admit that you do not dispute the date of loss as alleged in Paragraph 8 of the Complaint.

3. Admit that the policy described in Paragraph 5 of the Complaint was in full force and effect on or about the date of loss alleged in Paragraph 8 of the Complaint.

4.   Admit that Plaintiff(s) complied with all of the post loss duties under the policy described in Paragraph 5 of the Complaint.

5.   Admit that Plaintiff(s) complied with all of the conditions precedent under the policy described in Paragraph 5 of the Complaint.

6.   Admit that Defendant's investigation of the loss described in Paragraph 8 of the Complaint was not prejudiced by the acts or omissions of Plaintiff(s).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

**THE MORGAN LAW GROUP**
*Attorneys for Plaintiffs*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Phone: 305.569.9900
Fax    : 305.443.6828


By:   /s/ William Power McCaughan, Jr.
      William Power McCaughan, Jr. Esq.
      Florida Bar No.: 41573

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

   Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

   Defendant.

_____/

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**, by and through undersigned counsel, pursuant to Rules 1.280 and 1.340 of the Florida Rules of Civil Procedure, and propounds upon the Defendant, **EVEREST INDEMNITY INSURANCE COMPANY**, the attached eleven (11) Interrogatories to be answered under oath and in writing within **forty-five (45) days** after service thereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served attached with the Original Summons and Complaint.

      **THE MORGAN LAW GROUP**
      *Attorneys for Plaintiffs*
      55 Merrick Way, Suite 404
      Coral Gables, Florida 33134
      Phone: 305.569.9900
      Fax : 305.443.6828


      By: /s/ William Power McCaughan, Jr.
        William Power McCaughan, Jr. Esq.
        Florida Bar No.: 41573

## INTERROGATORIES TO DEFENDANT

"You(r)" as used in these Interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.

1.      State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in any particular county, and whether your name as it appears in the Plaintiff's Complaint is correct.

2.      State the name, residence address, business address, telephone number, and position/job title of the individual answering these Interrogatories.

3.      List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

4.      State any and all provisions of the subject policy relied upon by Defendant for denial, non-payment and/or reduction of Plaintiff's claim.

5.      List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in

any way participated in the investigations, adjusting or handling of the Plaintiff's claim involved herein and specify the date and the nature of the participation of each such person.

6.      Do you intend to call upon any expert witness at the trial of this case?  If so, please identify each witness as follows: his/her name, qualifications as an expert, substance of their opinions to which they are expected to testify, summary of the factual grounds for each opinion, and provide a list of all claim files and/or court cases for which you have hired the same expert witness in the last two (2) years.

7.      For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have any knowledge of the facts which provide the basis for any such defenses.

8.      Provide a complete list of all payments made to or on behalf of the Plaintiff for the subject loss, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, and the date the charges were paid by you.

9.      List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of the Plaintiff's claim and state in what capacity they were involved, the date they were involved and the nature of their involvement.

10.     With regard to the Plaintiff's First Request to Produce, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state, with respect to each such document.

        (a)      The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and, the names, business addresses, residence addresses and telephone numbers of all persons who prepared the document or to whom the document was directed.

        (b)      The privilege upon the Defendant relies on withholding the document; all facts upon which the Defendant relies in support of the privilege; the names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

        (c)      Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

11.     With regard to each and every one of the above Interrogatories, for each Interrogatory which you are refusing to answer, claiming a privilege (work product/attorney-client/etc.), please state:

        (a)      The privilege upon which Defendant relies in refusing to answer the Interrogatory, and, all facts which are relied upon in support of the privilege.

(b)      The names, residence addresses, business addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

(c)      Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

 

 

 

_____

Affiant:

**STATE OF FLORIDA**        **:**

                              **:**

**COUNTY OF _____ :**

**BEFORE ME**, the undersigned authority, personally appeared _____

_____, who, being first duly sworn, on oath deposes and says that the foregoing Answers

to Interrogatories are true and correct, and that he/she has read the Answers to

Interrogatories and knows the contents thereof.

**SWORN TO AND SUBSCRIBED** before me this ___ day of _____, 20___.

_____

NOTARY PUBLIC

My commission expires:

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY
and EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW**, the Plaintiff, **OCEANIA III CONDOMINIUM ASSOCIATION, INC.**,

by and through undersigned counsel, pursuant to Rules 1.280 and 1.340 of the Florida

Rules of Civil Procedure, and propounds upon the Defendant, **WESTCHESTER SURPLUS**

**LINES INSURANCE COMPANY**, the attached eleven (11) Interrogatories to be answered

under oath and in writing within **forty-five (45) days** after service thereof.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served

attached with the Original Summons and Complaint.

        **THE MORGAN LAW GROUP**
        *Attorneys for Plaintiffs*
        55 Merrick Way, Suite 404
        Coral Gables, Florida 33134
        Phone: 305.569.9900
        Fax    : 305.443.6828


        By:  /s/ William Power McCaughan, Jr.
           William Power McCaughan, Jr. Esq.
           Florida Bar No.: 41573

## INTERROGATORIES TO DEFENDANT

"You(r)" as used in these Interrogatories means your corporation, company or partnership, or anyone who handles, adjusts or investigates claims on its behalf.

1.      State your complete corporate name, nature of your business, whether you are licensed to do business in the State of Florida, whether you maintain agents for the transacting of your customary business in any particular county, and whether your name as it appears in the Plaintiff's Complaint is correct.

2.      State the name, residence address, business address, telephone number, and position/job title of the individual answering these Interrogatories.

3.      List the names, addresses and telephone numbers of all persons believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which the witnesses have knowledge and state whether you have obtained any statements (oral, written and/or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness statements were taken, and who has present possession, custody and control of any such statements.

4.      State any and all provisions of the subject policy relied upon by Defendant for denial, non-payment and/or reduction of Plaintiff's claim.

5.      List the names, residence addresses, business addresses and telephone numbers of all persons who, on your behalf or on behalf of your agents or representatives, have in

any way participated in the investigations, adjusting or handling of the Plaintiff's claim involved herein and specify the date and the nature of the participation of each such person.

6.      Do you intend to call upon any expert witness at the trial of this case?  If so, please identify each witness as follows: his/her name, qualifications as an expert, substance of their opinions to which they are expected to testify, summary of the factual grounds for each opinion, and provide a list of all claim files and/or court cases for which you have hired the same expert witness in the last two (2) years.

7.      For any and all policy defenses which you reasonably believe are available with regard to the claim made by the Plaintiff herein: describe in detail the factual and legal basis for any such defenses and give complete names, residence addresses, business addresses, and telephone numbers of each and every person believed or known by you, your agents, representatives, or attorneys, to have any knowledge of the facts which provide the basis for any such defenses.

8.      Provide a complete list of all payments made to or on behalf of the Plaintiff for the subject loss, specifying the nature of the services rendered, the provider of the services, the amount of the charges, the date the charges were incurred, the date you first had notice of the charges, and the date the charges were paid by you.

9.    List the names, addresses and official positions of each and every person in your employ or in the employ of anyone on your behalf, who has had any involvement in the review of the denial or withholding of payment of the Plaintiff's claim and state in what capacity they were involved, the date they were involved and the nature of their involvement.

10.    With regard to the Plaintiff's First Request to Produce, for each item on the Request to Produce of which you are withholding production claiming any privilege (work product/attorney-client/etc.), please state, with respect to each such document.

    (a)    The date of the document; the number of pages of the document; the type of document involved and its general subject matter without disclosing its contents; and, the names, business addresses, residence addresses and telephone numbers of all persons who prepared the document or to whom the document was directed.

    (b)    The privilege upon the Defendant relies on withholding the document; all facts upon which the Defendant relies in support of the privilege; the names, business addresses, residence addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the documents;

    (c)    Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

11.    With regard to each and every one of the above Interrogatories, for each Interrogatory which you are refusing to answer, claiming a privilege (work product/attorney-client/etc.), please state:

    (a)    The privilege upon which Defendant relies in refusing to answer the Interrogatory, and, all facts which are relied upon in support of the privilege.

(b)     The names, residence addresses, business addresses, telephone numbers, positions and occupations of all persons known or believed by Defendant to have knowledge concerning the factual basis for Defendant's assertion of privilege with regard to the information.

(c)     Any policy provisions, statutory language or case law which Defendant relies upon in claiming the privilege.

_____

Affiant:

**STATE OF FLORIDA**        **:**
                                                 **:**
**COUNTY OF _____ :**

**BEFORE ME**, the undersigned authority, personally appeared _____

_____, who, being first duly sworn, on oath deposes and says that the foregoing Answers

to Interrogatories are true and correct, and that he/she has read the Answers to

Interrogatories and knows the contents thereof.

**SWORN TO AND SUBSCRIBED** before me this ___ day of _____, 20___.

_____

NOTARY PUBLIC

My commission expires:

Filing # 158794349 E-Filed 10/07/2022 01:16:19 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | SUMMONS 20 DAY CORPORATE SERVICE | CASE NUMBER |
|---|---|---|
| ☒ CIVIL        ☐ OTHER<br>☐ DISTRICTS | (a) GENERAL FORMS | 2022-019099-CA-01 |

| PLAINTIFF(S) | VS.  DEFENDANT(S) | SERVICE |
|---|---|---|
| OCEANIA III CONDOMINIUM ASSOCIATION, INC. | WESTCHESTER SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY INSURANCE | |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): WESTCHESTER SURPLUS LINES INSURANCE COMPANY

C?O FLORIDA CHIEF FINANCIAL OFFICER AS R/A

200 EAST GAINES STREET

TALLAHASSEE, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: THOMAS J. MORGAN JR, ESQ.

whose address is: MORGAN LAW GROUP, P.A

55 MERRICK WAY SUITE 404

CORAL GABLES, FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| | | DATE |
|---|---|---|
| **HARVEY RUVIN**<br><br>**CLERK of COURTS** | | |
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 02/16

Clerk's web address: www.miami-dadeclerk.com

Filing # 158794349 E-Filed 10/07/2022 01:16:19 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER |
|---|---|---|
| **PLAINTIFF(S)**<br><br>OCEANIA III CONDOMINIUM ASSOCIATION, INC. | **VS.  DEFENDANT(S)**<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY INSURANCE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s): EVEREST INDEMNITY INSURANCE  COMPANY

C/O FLORIDA CHIEF FINANCIAL OFFICER AS R/A

200 EAST GAINES STREET

TALLAHASSEE, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: THOMAS J. MORGAN JR, ESQ.

whose address is: MORGAN LAW GROUP, P.A

55 MERRICK WAY SUITE 404

CORAL GABLES, FL 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br><br>**CLERK of COURTS** | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

Filing # 158794349 E-Filed 10/07/2022 01:16:19 PM

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL     ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER |
|---|---|---|
| **PLAINTIFF(S)**<br><br>OCEANIA III CONDOMINIUM ASSOCIATION, INC. | **VS.  DEFENDANT(S)**<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY INSURANCE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): EVEREST INDEMNITY INSURANCE  COMPANY

C/O FLORIDA CHIEF FINANCIAL OFFICER AS R/A

200 EAST GAINES STREET

TALLAHASSEE, FL 32399

Each defendant is required to serve written defense to the complaint or petition on Plaintiff's Attorney: THOMAS J. MORGAN JR, ESQ.

whose address is: MORGAN LAW GROUP, P.A

55 MERRICK WAY SUITE 404

CORAL GABLES, FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br><br>**CLERK of COURTS** | DEPUTY CLERK | DATE<br><br>10/13/2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1ˢᵗ Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314  Rev. 02/16

Clerk's web address: www.miami-dadeclerk.com

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION<br>☒ CIVIL    ☐ OTHER<br>☐ DISTRICTS | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br>2022-019099-CA-01 |
|---|---|---|
| **PLAINTIFF(S)**<br><br>OCEANIA III CONDOMINIUM ASSOCIATION, INC. | **VS.  DEFENDANT(S)**<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY and EVEREST INDEMNITY INSURANCE | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on defendant(s): WESTCHESTER SURPLUS LINES INSURANCE COMPANY

C?O FLORIDA CHIEF FINANCIAL OFFICER AS R/A

200 EAST GAINES STREET

TALLAHASSEE, FL 32399

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: THOMAS J. MORGAN JR, ESQ.

whose address is: MORGAN LAW GROUP, P.A

55 MERRICK WAY SUITE 404

CORAL GABLES, FL 33134

CLOCK IN

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br><br>**CLERK of COURTS** | 324337<br>DEPUTY CLERK | DATE<br><br>10/13/2022 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Ave., Suite 2702, Miami, FL 33128, Telephone (305) 349-7175; TDD (305) 349-7174, Fax (305) 349-7355 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711."**