# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.                                          Case No.: 1:22-cv-23681-RNS

           Plaintiff,

vs.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE
COMPANY,

           Defendants.

## DEFENDANTS' JOINT MOTION TO DISMISS AMENDED COMPLAINT [DE 15]

Everest Indemnity Insurance Company ("Everest") and Westchester Surplus Lines Insurance Company ("Westchester") jointly move to dismiss Plaintiff's Amended Complaint [DE 15] pursuant to Fed. R. Civ. P. 12(b)(6) and this Court's Order Requiring Discovery and Scheduling Conference and Order Referring Discovery Matters to the Magistrate Judge [DE 6] as follows:

## I.      Introduction

Plaintiff brought suit on October 4, 2022, and amended its Complaint on December 7, 2022 [DE 15].  Plaintiff alleges that Westchester and Everest breached commercial property insurance contracts by failing to pay for Hurricane Irma damage. (Pl. Am. Comp. ¶ 18).  According to the Amended Complaint, the damage occurred on September 10, 2017, more than five years before the Plaintiff elected to file suit.  *Id.*

Florida has a five (5) year statute of limitations for breach of contract claims.  The statute of limitations on a claim for breach of a first-party property insurance contract begins to run from the date of the loss, which in this case was September 10, 2017.  Pursuant to the statute of limitations, Plaintiff was required to file suit no later than Monday, September 12, 2022.[1]  Plaintiff filed its lawsuit on October 4, 2022, after the statute of limitations expired.  Therefore, the lawsuit is time-barred and must be dismissed with prejudice.

Based on the new allegations within the Amended Complaint, we anticipate Plaintiff will argue the applicability of Fla. Stat. § 627.70152(3)(b), but that statute does not retroactively apply to a 2017 Hurricane Irma loss and it does not alter Plaintiff's rights under the policies that Everest and Westchester issued years before Fla. Stat. § 627.70152 was enacted.  Further, even if the statute applied to toll the statute of limitations, Plaintiff still belatedly filed suit.

## II.  Facts

1.      Everest issued commercial-residential policy number CA3P005825171 to the named insured, Oceania III Condominium Association, Inc. subject to all policy terms, exclusions, conditions, and limitations.  The policy period was April 19, 2017 to April 19, 2018.  Pl. Am. Comp. ¶ 10.  Everest's policy is attached as "**Exhibit A**."

2.      Westchester issued commercial-residential policy number D38073229-001 to the named insured subject to all policy terms, exclusions, conditions, and limitations.  The policy period was April 19, 2017 to April 19, 2018.  Pl. Am. Comp. ¶ 9.  Westchester's policy is attached as "**Exhibit B**."

3.      Plaintiff alleges it owns property located in Miami-Dade County, Florida.  Pl. Am. Comp. ¶ 5.

---

[1] September 10, 2022 fell on a Saturday.

4.     Plaintiff then alleges that "[o]n September 10, 2017, the Property sustained a loss covered under the insurance policies as a result of Hurricane Irma (the "Covered Loss")."  Pl. Am. Comp. ¶ 13.

5.     Plaintiff then alleges it provided "timely" notice to Everest and Westchester, including that it "protected the property" due to "the Covered Loss" from Hurricane Irma.  Pl. Am. Comp. ¶ 14.

6.     Plaintiff alleges that Everest and Westchester "breached the terms of the insurance policies by failing to pay for the Covered Loss and further failing to establish reasonable proof that Defendants are not responsible for payment of the Covered Loss."  Pl. Am. Comp. ¶ 18.

7.     Plaintiff alleges that it served Notices of Intent to Litigate pursuant to Fla. Stat. 627.70152(3), and that Everest and Westchester responded.  Pl. Am. Comp. ¶ 20-25.

8.     Plaintiff then filed the instant lawsuit on October 4, 2022 in Miami-Dade County state court, more than five years after the damage allegedly occurred.  Westchester timely removed the action to federal court pursuant to diversity jurisdiction, and Everest consented to the removal.

9.     On November 16, 2022, Westchester and Everest moved to dismiss the Plaintiff's lawsuit as the statute of limitations ran on September 12, 2022.  [DE 8].

10.    In response, Plaintiff filed an amended complaint on December 7, 2022.  [DE 15]. None of Plaintiff's allegations change the five-year statute of limitations, which runs from the date of loss.  Plaintiff's Amended Complaint [DE 15] suffers from the same defect as the original Complaint, and it must therefore be dismissed with prejudice.

### III.   <u>Argument</u>

#### A.   <u>Standard on Motion to Dismiss</u>

A motion to dismiss for failure to state a cause of action tests the legal sufficiency of a complaint and the trial court must confine itself strictly to the four corners of the complaint. *See McWhirter, Reeves, McGothlin, Davidson, Rief & Bakas, P.A. v. Weiss,* 704 So. 2d 214, 215 (Fla. 2d DCA 1998). All factual allegations of the complaint are considered to be true and must be construed in the light most favorable to the nonmoving party. *See Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.,* 647 So. 2d 1028, 1030 (Fla. 4th DCA 1994). Courts need not hold legal conclusions as true. Courts consider documents, such as an insurance policy, that are outside of the complaint but central to the plaintiffs' claims. *Chisholm Properties S. Beach, Inc. v. Arch Specialty Ins. Co.*, 21-CV-22960, 2022 WL 356452, at *3 (S.D. Fla. Feb. 7, 2022).

"The statute of limitations is generally an affirmative defense that cannot be raised in a motion to dismiss unless the complaint affirmatively shows the conclusive applicability of such defense to bar the action." *N.Y. State Dep't of Taxation v. Patafio,* 829 So. 2d 314, 316 (Fla. 5th DCA 2002) (citing *McLeod v. Barber,* 764 So. 2d 790, 792 (Fla. 5th DCA 2000)). Trial courts grant motions to dismiss when the complaint on its face shows that the applicable statute of limitations expired before the plaintiff filed suit. *See Hosp. Constructors by & ex rel. Lifemark Hosps. of Fla. v. Lefor,* 749 So. 2d 546, 548 (Fla. 2d DCA 2000) (affirming the trial court's dismissal with prejudice of the causes of action alleged in count four of the complaint, all of which were barred by the four-year statute of limitations). "[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Machado v. Fla. Davis, Inc.*, 2010 WL 11578641, at * 1 (M.D. Fla. Sept. 2, 2010) (citing *Omar v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003).

For Hurricane Irma claims, Florida courts hold that "Pursuant to section 95.11(2)(e), Florida Statutes (2017), the statute of limitations for an action for breach of a property insurance contract is five years from the date of loss. . . .  the date of loss was September 10, 2017, therefore the statute of limitations [was] September 10, 2022."  *Gratkowski v. ASI Preferred Ins. Corp.*, 2D21-2545, 2022 WL 17331991, at *4 (Fla. 2d Dist. App. Nov. 30, 2022).  As Plaintiff filed suit more than five years after the date of loss, the claim is time-barred and Plaintiff's lawsuit must be dismissed with prejudice.

**B.**      **Plaintiff's Amended Complaint On its Face Shows That It is Barred by the Five-Year Statute of Limitations For Breach of Contract Claims**

Fla. Stat. § 95.11(2)(b) establishes a five (5) year statute of limitations for actions for breach contract.  Subsection (2)(e) of that statute provides that, with regard to an action for breach of a contract of property insurance, the five-year period runs from the date of the loss.  Fla. Stat. § 95.11(2)(e).  Florida law further provides that an action is barred "unless it is commenced within the time provided for legal actions concerning the same subject matter regardless of lack of knowledge by the person sought to be held liable that the person alleging liability would assert his or her rights and whether the person sought to be held liable is injured or prejudiced by the delay."  Fla. Stat. § 95.11(6).

Plaintiff's lawsuit was filed on October 4, 2022, and Plaintiff filed an amended complaint on December 7, 2022.  In the lawsuit, Plaintiff alleges a single claim for breach of contract.  The loss alleged in the operative complaint consists of damage from Hurricane Irma that occurred on September 10, 2017.  Under Fla. Stat. § 95.11, the five (5) year statute of limitations for an action for breach of contract ran from September 10, 2017, the date of the alleged loss, and expired five years later.  Plaintiff's Amended Complaint on its face therefore shows that Plaintiff's claim for

breach of the insurance contract was untimely filed and is barred by the applicable statute of limitations.

Amendment (as evidenced by the Amended Complaint) is futile, as nothing can change the fact that the alleged loss occurred more than five years before Plaintiff filed suit.  The Court must dismiss the lawsuit with prejudice.

    **C.**       **The Statute of Limitations Was Not Tolled by Fla. Stat. § 627.70152(3)(b)**

Defendants anticipate that Plaintiff will attempt in vain to avoid the expiration of the statute of limitations by alleging its Notice of Intent to Initiate Litigation tolled the statute of limitations. Pl. Am. Comp. ¶ 20-26.  Fla. Stat. § 627.70152(3)(b) further provides that "[s]ervice of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period."  However, as explained below, the statute does not apply retroactively to Plaintiff's Hurricane Irma claim.

Fla. Stat. § 627.70152 was enacted in 2021 and became effective on July 1, 2021, long after Defendants' policies were issued and the alleged loss occurred. As discussed below, this statute cannot be applied retroactively to toll a statute of limitations, which is a substantive right.

"[I]t is well established that the application of the statute of limitations involves a substantive right under Florida law."  *Delrey v. Capital One Bank,* 08-514 AP, 2009 WL 5103229, at *2 (Fla. 11th Jud. Cir. July 7, 2009) (*citing Merkle v. Robinson,* 737 So. 2d 540, 542 (Fla. 1999)); *see also Lundstrom v. Lyon,* 86 So. 2d 771, 772 (Fla. 1956), referencing "the substantive matter of limitations of actions."  Because a statute of limitations involves a substantive right, a change to the statute of limitations, including the tolling provision contained in Fla. Stat. § 627.70152, affects a substantive right and may not be applied retroactively.

When applying a previous change in the statute of limitations, this Court found that "the fact that the fundamental purpose of a statute of limitations is to designate the timeframe in which a plaintiff may bring suit, an amendment altering this period has an essentially substantive effect on the statute." *W. Palm Gardens Villas Condo. Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 11-23912-CIV, 2012 WL 3017083, at *4 (S.D. Fla. June 25, 2012).  This Court concluded that amendments to the statute of limitations were "a substantive change in the law, and the presumption against retroactive application applies, requiring the Court to engage in the two-pronged inquiry to determine whether the amendment applies retroactively." *Id.*

Likewise, courts that have considered the issue have held that the rights and obligations provided by Fla. Stat. § 627.70152 are substantive and changes to those rights may not be applied retroactively. *See Hershenhorn v. Am. Home Assurance Co.,* 2:21-CV-897-JES-MRM, 2022 WL 3357583, at *2 (M.D. Fla. Aug. 15, 2022) ("Courts considering whether § 627.70152 applies to policies issued before the statute's enactment have overwhelmingly found that, because the statute affects substantive rights by imposing new duties on the insured, it cannot be applied retroactively"); *Williams v. Foremost Prop. & Cas. Ins. Co.,* 3:21-CV-926-MMH-JBT, 2022 WL 3139374, at *4 (M.D. Fla. Aug. 5, 2022) ("the Court concludes that Section 627.70152 affects substantive rights by imposing new duties, obligations and penalties and cannot be applied retroactively to Williams's claim under the Policy'); *Rosario v. Scottsdale Ins. Co.,* 21-24005-CIV, 2022 WL 196528, at *2 (S.D. Fla. Jan. 21, 2022) ("[B]ecause none of the requirements set forth in Florida Statute sections 627.70152 existed at the inception of the Rosarios' policy period, the new obligations Scottsdale looks to are inapplicable in this case").

In *Rosario*, this Court found that Fla. Stat. § 627.70152 did not apply to a policy issued in 2020, noting that the statute "should not be given retroactive effect because it fundamentally,

substantively, and directly alters the rights and obligations under the parties' policy."  *Id.* at *1. The Court should therefore apply *stare decisis* and find that the statute does not apply retroactively in the context of these first party insurance claims.  *Kimble v. Marvel Ent., LLC*, 576 U.S. 446, 455 (2015)(finding *stare decisis* is the "'preferred' course because it promotes the evenhanded, predictable, and consistent development of legal principles, fosters reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial process.").

In *Bharratsingh v. Lexington Ins. Co.,* 0:22-CV-60037, 2022 WL 3279537, at *1 (S.D. Fla. Aug. 10, 2022), the plaintiffs/insureds filed suit on October 22, 2021 without first providing the defendant/ insurer with notice of their intention to initiate litigation as required by Fla. Stat. § 627.70152.  The defendant/insurer moved to dismiss the complaint without prejudice pursuant to Fla. Stat. § 627.70152(5), which requires the trial court to dismiss without prejudice a suit relating to a claim for which a notice of intent to initiate litigation was not filed.  The policy at issue in *Bharratsingh* was issued in 2017.  The plaintiffs/insureds argued that the court should not apply the statute retroactively to an insurance policy issued before the effective date of the statute, July 1, 2021, and the court agreed.  The Court held:

> The Court agrees with Plaintiffs that the statute affects the substantive rights of the parties and, thus, should not apply retroactively.  The Florida Supreme Court has held that a statute should not apply retroactively "if the statute impairs a vested right, creates a new obligation, or imposes a new penalty."

*Bharratsingh* at *1 (*quoting Menendez v. Progressive Exp. Ins. Co., Inc.,* 35 So. 3d 873, 877 (Fla. 2010)). The Court in *Bharratsingh* further held that "Fla. Stat. § 627.70152 imposes substantive changes that foreclose retroactive application."  *Id.*

Other courts reached the same conclusion specifically with regard to Fla. Stat. § 627.70152's pre-suit notice requirement, finding that this subsection of the statute makes substantive changes to the litigants' rights and obligations, and therefore, it cannot be applied

retroactively to insurance policies issued before the statute's enactment. *See Dozois v. Hartford Ins. Co. of the Midwest,* 3:21-CV-951-TJC-PDB, 2022 WL 952734, at *3 (M.D. Fla. Mar. 30, 2022) ("Section 627.70152's pre-suit notice requirement imposes new duties, obligations, and penalties; therefore, it does not apply retroactively to Plaintiffs' policy, which was executed before the statute went into effect"); *Broward Design Ctr., Inc. v. Scottsdale Ins. Co.,* 22-CV-60613-RAR, 2022 WL 1125787, at *1 (S.D. Fla. Apr. 15, 2022)(same); *Villar v. Scottsdale Ins. Co.,* 22-CV-21362, 2022 WL 3098912, at *4 (S.D. Fla. Aug. 3, 2022)(same); *Spyredes v. Scottsdale Ins. Co.,* 2022 U.S. Dist. LEXIS 69176, No. 22-CV-60406 (S.D. Fla. Apr. 14, 2022)(same).

Applying these decisions, this Court must find that Fla. Stat. § 627.70152's tolling provision, effective only when an insured gives prior notice pursuant to the statute of its intent to initiate litigation, is a substantive change in the litigants' rights and obligations that cannot be applied retroactively to an insurance policy issued before the enactment of the statute. Plaintiff had no statutory obligation to provide the Florida Department of Insurance with prior notice of its intent to initiate litigation against Westchester and Everest. Moreover, the five (5) year statute of limitations on Plaintiff's breach of contract claim was not altered by the enactment of Fla. Stat. § 627.70152. As a result, Plaintiff's claim began to run from the date of the loss, September 10, 2017, continued to run, and it expired five years later, long before Plaintiff filed this action.

**IV.    Conclusion**

For the reasons and on the grounds discussed above, this Court must find that Plaintiff's Amended Complaint [DE 15] is barred by the expiration of the five (5) year statute of limitations for breach of contract claims. Any further amendment is futile. Therefore, the Amended Complaint [DE 15] must be dismissed with prejudice.

Respectfully submitted, this 20th day of December, 2022.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Christopher M. Ramey
CHRISTOPHER M. RAMEY, ESQ.
Florida Bar No.:  0044808
cramey@butler.legal
JUSTIN W. SBLANO, ESQ.
Florida Bar No.:  1008138
jsblano@butler.legal
Secondary:      hkerr@butler.legal
                        ebarker@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida  33602
Telephone:      (813) 281-1900
Facsimile:      (813) 281-0900
*Attorneys for Westchester Surplus Lines Insurance Company*


CONROY SIMBERG

/s/ Robert S. Horwitz
ROBERT S. HORWITZ, ESQ.
Florida Bar No.:  149454
rhorwitz@conroysimberg.com
eservicewpb@conroysimberg.com
1801 Centrepark Drive E., Suite 200
West Palm Beach, Florida 33401
Telephone:      (561) 697-8088
Facsimile:      (561) 697-8664
*Attorneys for Everest Indemnity Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy hereof has been furnished to:

Jesmany Jomarron, Esq.
William McCaughan, Jr., Esq.
The Morgan Law Group
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
*Attorneys for Plaintiff*

Robert Horwitz, Esq.
Conroy Simberg
1801 Centrepark Drive East, Suite 200
West Palm Beach, FL 33401
*Attorneys for Everest Indemnity Insurance Company*

by CM/ECF on December 20, 2022.

/s/ Christopher M. Ramey
CHRISTOPHER M. RAMEY, ESQ.

11