UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:22-23681-civ-SCOLA

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.

   Plaintiff,
v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE
COMPANY,

   Defendants.
_____/

**PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**JOINT MOTION TO DISMISS THE AMENDED COMPLAINT**

  Plaintiff OCEANIA III CONDOMINIUM ASSOCIATION, INC. (the "Association") files this Response to the Joint Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) (the "Motion") filed by Defendants WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("Westchester") and Defendant EVEREST INDEMNITY INSURANCE COMPANY'S ("Everest") (collectively, "Defendants"). Defendants demand dismissal with prejudice based on the statute of limitations. However, Defendants gloss over the unique pre-suit facts and posture that call out for the application of the doctrines of equitable tolling and equitable estoppel. Moreover, the Association, following its voluntary compliance with the notice provision, should also benefit from the safe-harbor protection of section 627.70152(3)(b), Florida Statutes.

  The Motion misses the mark and must be denied. The Association, on behalf of its hundreds of residents, is eager to prove their claim on the merits and secure a judgment for the desperately needed funds that Defendants have denied them for years.

## **INTRODUCTION**

"[A] main purpose of the statute of limitations is to protect defendants from unfair surprise and stale claims." *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1078 (Fla. 2001).[1] As explained by the Florida Supreme Court:

> As a statute of [limitations], they afford parties needed protection against the necessity of defending claims which, because of their antiquity, would place the defendant at a grave disadvantage. In such cases how resolutely unfair it would be to award one who has willfully or carelessly slept on his legal rights an opportunity to enforce an unfresh claim against a party who is left to shield himself from liability with nothing more than tattered or faded memories, misplaced or discarded records, and missing or deceased witnesses. Indeed, in such circumstances, the quest for truth might elude even the wisest court.

*Id.* (alteration in original) (quoting *Nardone v. Reynolds*, 333 So.2d 25, 36 (Fla.1976) and *Wilkinson v. Harrington*, 104 R.I. 224, 243 A.2d 745, 752 (1968)).

The Association's pleadings have neither caught Defendants by surprise nor presented any allegations involving stale claims; rather, this lawsuit is based in whole on an insurance claim Defendants investigated for years by way of exhaustive pre-suit demands to the Association for documents, inspections, and examinations under oath. (ECF No. 15, Am. Compl. at ¶¶ 14–33.) Fundamental principles of equity and the unique facts of this claim demand denial of the Motion. *City of Brooksville v. Hernando County*, 424 So. 2d 846, 848 (Fla. 5th DCA 1982) ("When a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist , and we are of the opinion that a liberal rule should be applied.").

---

[1] In diversity actions, state law on statute of limitations and tolling of the statute of limitations controls. *Walker v. Armco Steel Corp.*, 446 U.S. 1978, 1985 (1980).

**FACTS AND BACKGROUND AS PLEADED IN THE AMENDED COMPLAINT**

The Association sues Defendants for breach of contract resulting from Defendants' failure to pay the Association funds owed under property insurance policies drafted by Defendants that were providing coverage for the Association's property located at 16485 Collins Ave., Sunny Isles Beach, FL 33160 in Miami-Dade County, Florida (the **"Property"**) at the time Hurricane Irma damaged the Property. (ECF No. 15, Am. Compl. at ¶¶ 1, 5.)

On September 10, 2017, the Property sustained a loss covered under the insurance policies as a result of Hurricane Irma (the **"Covered Loss"**). (ECF No. 15, Am. Compl. at ¶ 13.) The Association complied with all post-loss obligations within the policies including, but not limited to: (i) proving timely notice to Defendants of the Covered Loss; and (ii) protecting the Property from further loss. (ECF No. 15, Am. Compl. at ¶ 14.) Defendants have failed to pay for the Covered Loss; thus, breaching the terms of the insurance policies. (ECF No. 15, Am. Compl. at ¶ 18.)

On August 29, 2022, the Association submitted[2] notices of intent under section 627.70152(3), Florida Statutes, to each Everest (**"Everest NOI"**) and Westchester (**"Westchester NOI"**). (ECF No. 15, Am. Compl. at ¶¶ 20, 21.) The tenth and final business day for Defendants to respond to the NOIs—and the corresponding tenth business day of the safe harbor period—fell on September 13, 2022,[3] one day after the September 12, 2022, statute of limitations date.[4]

On September 13, 2022, Everest and Westchester sent the Association two (2) separate emails attaching letters stating they were timely responses per "Fla. Stat. § 627.70152." The responses to the Westchester NOI and Everest NOI were near mirror images of each other, demanded re-inspection of the Property, and extended a settlement offer pursuant to the notice procedure established by section 627.70152, Florida Statutes. (ECF No. 15, Am. Compl. at ¶ 22.) Specifically, the responses to the Westchester NOI and Everest NOI stated "[n]otwithstanding this and for the purpose of avoiding litigation

---

[2] The Association submitted the Everest NOI and Westchester NOI through the portal on the website of Florida's Chief Financial Officer as required by statute.

[3] When calculating the 10-business days please note the Labor Day Holiday.

[4] September 10, 2022 was a Saturday thus making the statute of limitations fall on Monday September 12, 2022.

and complying with the requirements of Fla. Stat. § 627.70152, [Everest/Westchester] offers to the insured the amount of . . . . Please be advised that [Everest/Westchester] is making this offer of settlement only to avoid litigation and because it is required to do so under Fla. Stat. § 627.70152, if such statute applies." (ECF No. 15, Am. Compl. at ¶ 23.)

Neither of Defendants' responses to their respective NOIs made any statement or provided any indication that either Defendant believed or was taking the position that section 627.70152 did not apply to either of the insurance policies issued by Defendants. (ECF No. 15, Am. Compl. at ¶ 26.) Rather, the responses to the Westchester NOI and Everest NOI actively employed the procedures and structure of the very statute Defendants now argue does not apply to the Association's claim. (ECF No. 15, Am. Compl. at ¶¶ 22–25.)

On September 15, 2022, the Association emailed Defendants' counsels and was informed that Defendants' third-party administrator, Robbie Arnold, would be coordinating the re-inspection of the Property. (ECF No. 15, Am. Compl. at ¶¶ 27, 28.) On September 16, 2022, and again on September 19, 2022, the Association emailed Mr. Arnold copying counsel for Everest and counsel for Westchester. (ECF No. 15, Am. Compl. at ¶ 29.) Mr. Arnold never responded. Instead, Everest's counsel emailed stating "[w]e are working to secure dates from our Engineer. Also, have requested a list of areas that we will want to access to so that this site inspection can be as efficient as possible. We will revert back as soon as possible." (ECF No. 15, Am. Compl. at ¶¶ 30, 31.) Defendants then, once again, went radio silent. (ECF No. 15, Am. Compl. at ¶ 32.)

On October 4, 2022, the Association filed the original Complaint in the 11th Judicial Circuit in and for Miami-Dade County, Florida. (ECF No. 1-1, Complaint.) On November 9, 2022, Westchester removed this lawsuit pursuant to diversity jurisdiction (ECF No. 1) and, on the same day, Everest filed a *Certificate of Non-Objection to Removal*. (ECF No. 9.) On December 7, 2022, the Association filed an Amended Complaint. (ECF No. 15.)

## **MEMORANDUM OF LAW**

**I.    LEGAL STANDARD.**

A court considering a motion to dismiss filed under Rule12(b)(6) must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008); *see also Brooks v.*

*Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). A pleading must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

## II. LEGAL ANALYSIS.

Defendants' demand for dismissal with prejudice, pursuant to the statute of limitations, must be denied for three (3) reasons. The pre-suit facts, Defendants' stance in this claim and others, and the newly enacted section 627.70152 come together to create a legal and factual situation where equitable tolling should be applied to deem this lawsuit timely filed by the Association. Defendants' pre-suit actions, inaction, and contradictory positions in other lawsuits should equitably estop Defendants from using the statute of limitations as a defense. Additionally, the Association's voluntary compliance with the notice procedures of section 627.70152, which serves only for the benefit of insurance companies, entitle the Association to the safe harbor protections of section 627.70152(3)(b).

### A. <u>EQUITABLE ESTOPPEL BARS DEFENDANTS FROM ASSERTING ANY STATUTE OF LIMITATIONS DEFENSE.</u>

"The equitable estoppel doctrine has frequently been employed to bar inequitable reliance on a statute of limitations." *Alachua v. Cheshire*, 603 So.2d 1334, 1337 (Fla. 1st DCA 1992) (citing *Glus v. Brooklyn Eastern Dist. Term.*, 359 U.S. 231 (1959)). "Equitable estoppel is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position." *Morsani*, 790 So. 2d at 1076.

Courts have applied the doctrine of equitable estoppel to bar parties from using the statute of limitations as a defense. *Salcedo*, 368 So. 2d at 1339. "Even more specifically, such an estoppel may arise because of the applicability of the cited rule which precludes the taking of self-contradictory legal positions." *Salcedo*, 368 So. 2d at 1339.

On August 29, 2022, upon receiving their respective NOIs, Defendants were aware that the Association had taken the position of complying with section 627.70152. However, both Defendants, despite the duties of good faith and fair dealing[5] each

---

[5] *Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1127 (Fla. 2005) ("The Legislature has mandated that insurance companies *act in good faith and deal fairly* with insureds regardless of the nature of the claim presented.").

Defendant owes to the Association, stayed silent from August 29 through the running of the September 12, 2022, statute of limitations. Defendants completely reversed the position they had taken consistently and repeatedly[6] in numerous state and federal courts—i.e., that section 627.70152 applies retroactively—and then sat silent from August 29 to September 13. This 180-degree reversal by Defendants, which Defendants now rely on to seek dismissal, is the type of action that supports the application of equitable estoppel. *Salcedo*, 368 So. 2d at 1337 (applying equitable estoppel to defendant's statute of limitations defense where defendant previously took a position in another lawsuit inconsistent with its current position in the current action).

On September 13, 2022, one day after the running of the statute of limitations, Defendants emailed the Association formal written responses to their NOIs. Defendants further engaged in and employed the notice procedures established by section 627.70152 by extending a settlement offer to the Association and demanding a re-inspection of the Property. This type of engagement by defendants in administrative procedures or litigation "can waive or be estopped from asserting a statute of limitation." *Olenek v. Bennett*, 537 So. 2d 160, 161 (Fla. 5th DCA 1989) (ruling party waived and was estopped from asserting statute of limitation defense where its attorney accepted service of the complaint and agreed to file an answer).

Florida's Fourth DCA applied the doctrine of equitable estoppel barred a defendant's use of a statute of limitations defense where the defendant "accepted in writing [plaintiff]'s demand for arbitration and . . . proceeded to pick arbitrators." *Glantzis v. State Auto. Mut. Ins. Co.*, 573 So. 2d 1049, 1051 (Fla. 4th DCA 1991). The parties chose their arbitrators, and, after some time, the parties agreed on a neutral arbitrator on the same day as the expiring of the statute of limitations. *Glantzis*, 573 So. 2d at 1050. The defendant then took the position that the running of the statute of limitations barred plaintiffs claim in whole and refused to proceed with arbitration. *Glantzis*, 573 So. 2d at 1050. Noting that plaintiffs had the option to file suit when they demanded arbitration, the Fourth DCA ruled that the defendant's engagement in the arbitration process, which led

---

[6](Composite Exhibit A, Motions to Dismiss filed by Defendants in state and federal court arguing Section 627.70152 should be applied retroactively and the plaintiffs' actions dismissed for failure to submit a NOI pursuant to Section 627.70152.)

plaintiffs to forgo their right to file suit, was the type of "gotcha" tactics the courts abhor and that call for application of the doctrine of equitable estoppel. *Glantzis*, 573 So. 2d at 1051.

Defendants by participating in the NOI procedures of section 627.70152 engaged in the same type of "gotcha" tactics as the defendant in *Glantzis*. 573 So. 2d at 1051 (rejecting defendant's argument that "equitable estoppel does not apply because it never made any representations to appellants that they need not observe the statute of limitations and there was no affirmative deception on its part"). Just as in *Glantzis*, the Association could have filed its lawsuit on August 29, 2022—well within the September 12, 2022, statute of limitations—when the Association initiated section 627.70152's notice procedure. Taking a page out of the *Glantzis* defendant's playbook, Defendants stayed silent from August 29, 2022, through the expiration of the statute of limitations.

B. <u>EQUITABLE TOLLING IS APPROPRIATE, UNDER THE CIRCUMSTANCES, TO DEEM THIS ACTION TIMELY FILED.</u>

"The doctrine of equitable tolling was developed to permit under certain circumstances the filing of a lawsuit that otherwise would be barred by a limitations period." *Machules v. Dept. of Admin.*, 523 So. 2d 1132, 1133 (Fla. 1988). In determining whether to apply equitable tolling, courts weigh any prejudice to the defendants against the plaintiff's right to have its claim decided on the merits. *Machules*, 523 So. 2d at 1134 (equitable tolling "does not require active deception or [] misconduct"). "Like the application of equitable estoppel in federal courts, the application of equitable tolling has been applied in Florida when a plaintiff . . . has in some extraordinary way been prevented from asserting his rights." *Cheshire*, 603 So.2d at 1337.

On August 29, 2022, the Association faced two—overlapping and possibly conflicting statutorily created time bars—the statute of limitations and the section 627.70152 procedures and corresponding timeframes. Simply put:

**OPTION ONE:** File the Complaint on August 29, 2022, well within the September 12, 2022, statute of limitations, but forgo submitting the notice of intent required by section 627.70152, Florida Statutes.

**OPTION TWO:** Submit the NOIs on August 29, 2022, wait for Defendants responses to the NOIs with the response deadline falling on September 13, 2022, one day after the September 12, 2022, statute of limitations.

Had the Association forgone submitting an NOI, it would have opened itself up to a state court motion to dismiss by one or both of the Defendants, which they have up until now regularly sought dismissal arguing for the retroactive application of section 627.70152.[7] Unlike Florida federal judges, Florida state courts are still split on whether section 627.70152 applies retroactively.[8] Losing a motion to dismiss on the basis of section 627.70152 would have left the Association out of court and past the statute of limitations.[9] *See* Fla. Stat. § 627.70152(5) (emphasis added) ("A court **must** dismiss

---

[7] (Composite Exhibit A, Motions to Dismiss filed by Defendants in state and federal court arguing Section 627.70152 should be applied retroactively and the plaintiffs' actions dismissed for failure to submit a NOI pursuant to Section 627.70152.)

[8] *See Helmke v. Am. Integrity Ins. Co. of Fla.*, Case No. 50-2021-CA-010503-XXXX-MB, 2022 WL 3273164 (Fla. Cir. Ct. 15th Jud. Cir. Apr. 11, 2022) (dismissing plaintiff's lawsuit for failure to comply with the retroactively applied notice provisions of section 627.70152); *Alen v. Homeowners Choice Prop. & Casualty Ins. Co., Inc.*, Case No. 50-2021-CA-010736-XXXX-MB, 2022 WL 3273170 (Fla. Cir. Ct. 15th Jud. Cir. Apr. 4, 2022) (same); *Tordjman v. Universal Prop. & Casualty Ins. Co.*, Case No. 50-2021-CA-011044-XXXX-MB, 2022 WL 2734564 (Fla. Cir. Ct. 15th Jud. Cir. Mar. 24, 2022) (same); *Simons v. Universal Prop. & Casualty Ins. Co.*, Case No. 50-2021-CA-009513-XXXX-MB, 2022 WL 2734551 (Fla. Cir. Ct. 15th Jud. Cir. Mar. 10, 2022) (same); *Stokes v. Fla. Peninsula Ins. Co*, Case No. 50-2021-CA-011402, 2022 WL 2734568 (Fla. Cir. Ct. 15th Jud. Cir. Mar. 7, 2022) (same); *Maldonado v. Heritage Prop & Cas. Ins. Co.*, Case No. 21-22075-CA-01 (Fla. Cir. Ct. 11th Cir. Mar. 1, 2022) (same); *Carlson, et al. v. Heritage Prop & Casualty Ins. Co.*, Case No. 50-2021-CA-013368-XXXX-MB, 2022 WL 2734571 (Fla. Cir. Ct. 15th Jud. Cir. Feb. 23, 2022) (same); *Sanchez v. Universal Prop. & Cas. Ins. Co.*, Case No. 21-18871-CA-01 (Fla. Cir. Ct. 11th Cir. Dec. 30, 2021) (same); *Smigiel v. Fam. Sec. Ins. Co., Inc.*, Case No. 50-2021-CA-009409-XXXX-MB (Fla. Cir. Ct. 15th Jud. Cir. Oct. 12, 2021) (same); *Benji Gibson v. State Farm Fla. Ins. Co.*, Case No. 21-CC-2547 (Fla. Cir. Ct. 18th Jud. Cir. Oct. 7, 2021) (same); *Cimbalnik v. Am. Integrity Ins. Co. of Fla.*, Case No. 2021-CA-426 (Fla. Cir. Ct. 5th Jud. Cir. Oct. 5, 2021) (same); *Sweeney v. Sec. First Ins. Co.*, Case No. 21-CC-0993 (Fla. Cir. Ct. 5th Jud. Cir. Sep 27, 2021) (same).

[9] Florida courts finding retroactive application of the statute have ruled subsection (5) does not permit a motion to dismiss to be granted with leave to amend or a stay put in place until the insured is in compliance with the notice provision; instead, the case must be dismissed without prejudice and re-filed following compliance with the notice provisions of Section 627.70152(3)(a). *See Paz v. United Prop. & Caus. Ins. Co.*, Order Vacating The March 11, 2022 Order, Miami-Dade Cir. Ct Case No. 21-18318-CA-01 (11 Jud. Cir. Ct. Apr. 27, 2022). In *Paz* the Court found Section 627.70152, Florida Statute applied retroactively and granted Defendant's motion to dismiss Plaintiff Paz's complaint for failure to submit a notice of intent to litigate. *See Paz v. United Prop. & Caus. Ins. Co.*, Order Granting Defendant's Motion to Dismiss Plaintiff's Complaint, Miami-Dade Cir. Ct Case No. 21-18318-CA-01 (11 Jud. Cir. Ct. Mar. 11, 2022). The Court granted the motion

without prejudice any claimant's suit relating to a claim for which a notice of intent to initiate litigation was not given as required by this section . . . ."). Making matters worse, the safe harbor protection of section 627.70152(3)(b) would not be available to the Association as the statute is clear that the safe harbor protection is only available to insureds who have submitted an NOI. *See* Fla. Stat. § 627.70152(3)(b).

On August 29, 2022, the Association submitted the NOIs in compliance with the notice provisions of section 627.70152, giving Defendant one more notice of the Association's claim—in addition to the years of the Association's compliance with Defendants' post-loss demands—and an opportunity to resolve the claim and avoid litigation, which is in line with the purpose of statutes of limitation, i.e. "to protect defendants from unfair surprise." *Morsani*, 790 So. 2d at 1078. Further, Option Two was consistent with the pro-retroactive application position Defendants had consistently taken in most, if not all, federal and state cases involving section 627.70152. *See supra* FN 7.

C. <u>THE ASSOCIATION IS ENTITLED TO THE 10-BUSINESS DAY SAFE HARBOR PROTECTION OF SECTION 627.70152(3)(b).</u>

The Association voluntarily complied with the notice provisions of section 627.70152 and a plain reading of the statute makes clear that the Association is entitled to the tolling of the statute of limitations. Section 627.70152(3)(b) ("Service of a notice [of intent to litigate] tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period."). Unlike all prior cases considering section 627.70152, the Association is not asking to force anyone to take any action pursuant to the statute, shoulder any new duty, or be burdened with any new obligation due to the retroactive application of the statute. *See Rosario v. Scottsdale Ins. Co.*, Case No. 21-civ-24005-SCOLA, 2022 WL 196528 at *1 (S.D. Fla. Jan. 21, 2022) (denying motion to dismiss, based on defendant's arguments that the insureds **must**

---

to dismiss with leave to file an amended complaint following compliance with Section 627.70152(3)(a). *Id.* Following a subsequent motion from Defendant, the Court entered a second order dismissing the action without prejudice acknowledging that Section 627.70152 strictly mandated dismissal without prejudice for an insured's noncompliance with the statute's notice of intent to litigate requirement. *See Paz v. United Prop. & Caus. Ins. Co.*, Order Vacating the March 11, 2022 Order, Miami-Dade Cir. Ct Case No. 21-18318-CA-01 (11 Jud. Cir. Ct. Apr. 27, 2022). Copies of the two orders are attached as Composite Exhibit B.

**comply** with the notice obligations of section 627.70152, due to lack of retroactive application of section 627.70152). Rather, the issue is whether the Association, following voluntary compliance with the notice provisions of section 627.70152—which serves only for the benefit of insurance companies—is entitled to the tolling of subsection (3)(b). *See* Fla. Stat. § 627.70152(3)(b) (stating simply "[s]ervice of a notice tolls the time limits provided in s. 95.11. . .").

Section 627.70152(3)(b) states "[s]ervice of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period." The notice itself is the personification of a procedural law creating a bureaucratic notification procedure where an insurance claimant "provides the department with written notice of intent to initiate litigation on a form provided by the department." Fla. Stat. §  627.70152(3)(a). Subsection (3)(a) goes on to provide a list of information required to be included in the notice of intent to litigate. Section 627.70152(3)(a). This notification procedure does not touch on any of the *Menendez* factors, it does not "impair[] a vested right, create[] a new obligation, or impose[] a new penalty." *Menendez*, 35 So. 3d at 877.

WHEREFORE, Plaintiff OCEANIA III CONDOMINIUM ASSOCIATION, INC. respectfully requests the Court enter an Order denying Defendant WESTCHESTER SURPLUS LINES INSURANCE COMPANY and Defendant EVEREST INDEMNITY INSURANCE COMPANY'S  Joint Motion To Dismiss Plaintiff's Amended Complaint (ECF No. 20) and for such other relief as this Court deems just and proper.

**THE MORGAN LAW GROUP**
*Counsel for the Association*
55 Merrick Way, Suite 404
Coral Gables, Florida 33134
Telephone: (305) 569-9900
Facsimile: (305) 569-9900
Primary e-mail: mlg.eservice@morganlawgroup.net
Secondary e-mail: wmccaughan@morganlawgroup.net
Secondary e-mail: jjomarron@morganlawgroup.net

By: */s/ William Power M<sup>c</sup>Caughan Jr.*
      William P. M<sup>c</sup>Caughan Jr.
      Florida Bar No. 41573