United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Oceania III Condominium Association, Inc. Plaintiff, <br><br> v. <br><br> Westchester Surplus Lines Ins. Co. and Everest Indemnity Ins. Co., Defendants. | Civil Action No. 22-23681-Civ-Scola |

**Order Granting Defendants'
Joint Motion to Dismiss Amended Complaint**

This matter is before the Court on the Defendants Everest Indemnity Insurance Company and Westchester Surplus Lines Insurance Company's (collectively the "Defendants") joint motion to dismiss Plaintiff Oceania III Condominium Association, Inc.'s ("Oceania") amended complaint. (Defs.' Mot., ECF No. 20.) Oceania has responded to the motion, and the Defendants have replied. (Pl.'s Resp., ECF No. 26; Defs.' Reply, ECF No. 30.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants** the Defendants' motion. (**Defs.' Mot., ECF No. 20**.)

### 1. Background[1]

Oceania is the owner of the property located at 16485 Collins Ave., Sunny Isles Beach, FL 33160. (Am. Compl. ¶ 5, ECF No. 15.) On September 10, 2017, the property sustained a loss as a result of Hurricane Irma. (*Id.* ¶ 13.) At that time, the property was insured against certain losses under two active policies independently issued by the Defendants. (*Id.* ¶¶ 7–13.) Seeking coverage from the Defendants, Oceania complied with the policies' post-loss obligations and provided the Defendants with a full account of the damages sustained by the property. (*Id.* ¶¶ 14–15.) However, on November 4, 2021, the Defendants formally denied Oceania's claims. (*Id.* ¶ 18; Ex. A to Defs.' Reply, ECF No. 30-1.)[2]

---

[1] The factual background is based on the allegations in Oceania's amended complaint. (Am. Compl., ECF No. 15.) For purposes of evaluating the Defendants' motion, the Court accepts Oceania's factual allegations as true and construes the allegations in the light most favorable to it per Federal Rule of Civil Procedure 12(b)(6).

[2] Although Oceania's amended complaint does not specify that the denial occurred on November 4, 2021, the Defendants provide the formal denial letter as Exhibit A to the reply in support of their motion. (Ex. A to Defs.' Reply, ECF No. 30-1.) The Court may consider this document because it is central to Oceania's claims, which arise from the Defendants' denial of

Approximately ten months later, on August 29, 2022, Oceania submitted to each Defendant a notice of intent to enter litigation pursuant to Fla. Stat. § 627.70152(3). (*Id.* ¶¶ 20–21.) Oceania's notices specified that it intended to file a lawsuit upon expiration of the safe harbor provision in § 627.70152(3)(a), which requires that "notice must be given at least 10 business days before filing [a] suit" arising under a residential or commercial property insurance policy. (*Id.*) Per § 627.70152(4), another provision of the same statute, the Defendants were required to "respond in writing within 10 business days after receiving" Oceania's notices. Because of the intervening Labor Day holiday, the Defendants' response deadline fell on September 13, 2022. On that day, the Defendants responded to Oceania's notices of intent by requesting re-inspection of the property in accordance with § 627.70152(4). (*Id.* ¶¶ 22–25.) The Defendants' responses also made Oceania settlement offers in the amount of $500 each, specifying that the offers were made "to avoid litigation and because [the Defendants were] required to [make them] under Fla. Stat. § 627.70152, if such statute applie[d]." (*Id.*)

Critically, the statute of limitations on Oceania's claim, as set forth in Fla. Stat. § 95.11(2), expired on September 12, 2022, one day before the Defendants' responses to the notices were due. However, rather than file suit on September 12, 2022, Oceania continued to engage with the Defendants pursuant to the pre-suit procedures outlined in § 627.70152. On September 15, 2022, Oceania emailed the Defendants acknowledging their request for reinspection of the property and attempting to coordinate dates for reinspection within the fourteen-day period set forth in § 627.70152(4). (*Id.* ¶ 27.) Although the parties engaged in some back-and-forth on the scheduling, no reinspection occurred, and on October 4, 2022, upon the lapse of fourteen business days, Oceania filed the instant lawsuit. (*Id.* ¶¶ 27–33.)

In the lawsuit, Oceania states a single claim against each Defendant for their alleged breach of their respective insurance policies. (*Id.* ¶ 19.) The Defendants jointly move to dismiss Oceania's amended complaint arguing that it is time-barred because it was filed after the five-year state of limitations that ended on September 12, 2022. (Defs.' Mot. 1–2, ECF No. 20.) Oceania does not dispute that the statute of limitations passed on September 12, 2022. (*See generally* Pl.'s Resp., ECF No. 26.) Instead, it argues that the Defendants'

---

coverage, and is undisputed in terms of authenticity. *See Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity."); *Pinhasov v. Equifax Info. Servs., LLC*, No. 21-cv-62582-BLOOM/Valle, 2022 U.S. Dist. LEXIS 48934, at *7 n.1 (S.D. Fla. Mar. 17, 2022) (Bloom, J.) (considering document filed by defendant after submission of its motion to dismiss).

motion should be denied for any one of three reasons: (1) the ten-business day safe harbor provision of § 627.70152(3)(b) should apply to toll the statute of limitations deadline; (2) equitable estoppel bars the Defendants from asserting the statute of limitations; and (3) equitable tolling is appropriate under the circumstances to deem the action timely filed. (*Id.* at 5.) For the reasons set forth below, the Court rejects all three arguments and concludes that Oceania's claim is time-barred.

### 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The Eleventh Circuit has held that a statute of limitations bar is an affirmative defense, and that plaintiffs are not required to negate such defenses in the complaint. *La Grasta v. First Union Secs., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Dismissal on statute of limitations grounds "is appropriate only if it is 'apparent from the face of the complaint' that the claim is time-barred." *Sec'y of Labor v. Labbe,* 319 F. App'x. 761, 764 (11th Cir. 2008); *see also Tello v. Dean Witter Reynolds, Inc.,* 410 F.3d 1275, 1288 (11th Cir. 2005) (same); *La Grasta,* 358 F.3d at 845 (same); *Omar ex rel. Cannon v. Lindsey,* 334 F.3d 1246, 1251(11th Cir. 2003) (noting that Rule 12(b)(6) dismissal is appropriate "if noncompliance with the statute of limitations is apparent on the face of the complaint"). The court in *Labbe* went on to hold that dismissal is only appropriate "if it appears beyond a doubt" that a plaintiff "can prove no set of facts that toll the statute." *Labbe,* 319 F. App'x. at 764 (quoting *Tello,* 410 F.3d at 1288 n. 13).

### 3. Discussion

### A. Fla. Stat. § 627.70152(3)(b)

Fla. Stat. § 627.70152, which applies "to all suits arising under a residential or commercial property insurance policy," creates a notice requirement "[a]s a condition precedent to filing a suit under [said] property insurance policy." *Id.* § 627.70152(1), (3)(a). The statute contains various tolling provisions that extend the time limit established by § 95.11 while the parties are engaged in the pre-suit notice process. For present purposes, the most relevant of those provisions is the following:

> (b) A claimant must serve a notice of intent to initiate litigation within the time limits provided in s. 95.11. However, the notice is not required if the suit is a counterclaim. ***Service of a notice tolls the time limits provided in s. 95.11 for 10 business days if such time limits will expire before the end of the 10-day notice period***.

*Id.* § 627.70152(3)(b) (emphasis added). The Defendants argue that, because the statute became effective on July 1, 2022, it cannot be applied retroactively to toll the statute of limitations on Oceania's claim, which is based on a policy issued years before. (Defs.' Mot. 6–9, ECF No. 20.) Oceania counters that, because it complied voluntarily with the statute, it is entitled to the ten-day safe harbor of § 627.70152(3)(b). (Pl.'s Resp. 9–10, ECF No. 26.) The Court is not convinced.

"The question of whether a statutory change in the law should be applied retroactively is governed by state law." *Rivera v. Wal-Mart Stores E., LP*, No. 3:10-cv-956-J-20TEM, 2011 U.S. Dist. LEXIS 154571, at *3 (M.D. Fla. Jan. 12, 2011) (citing *Turner v. United States,* 514 F.3d 1194, 1199 n. 3 (relying upon Florida law to determine retroactive application of Florida statutory amendment)). The Supreme Court of Florida has applied a two-part analysis for determining whether a statute should be applied retroactively to an insurance policy issued prior to the statute's enactment. *See, e.g., Menendez v. Progressive Express Ins. Co.,* 35 So.3d 873, 877 (Fla. 2010). First, the Court must determine whether the Legislature intended for the statute to apply retroactively. Second, if such intent is clearly expressed, the Court must determine whether retroactive application would violate any constitutional principles. *Id.; see also Rivera,* 2011 U.S. Dist. LEXIS 154571, at *4 (quoting *Menendez* and applying same inquiry); *Fla. Hosp. Waterman, Inc. v. Buster,* 984 So.2d 478, 487 (Fla. 2008) (same). With respect to the second prong, "[t]he

central focus of th[e] [c]ourt's inquiry is whether retroactive application of the statute 'attaches new legal consequences to events completed before its enactment.'" *Menendez*, 35 So. 3d at 877 (quoting *Metro. Dade Cty. v. Chase Fed. Hous. Corp.*, 737 So. 2d 494, 499 (Fla. 1999)). "The presumption against retroactive application is a well-established rule of statutory construction that is appropriate in the absence of an express statement of legislative intent." *Fla. Ins. Guar. Ass'n, Inc. v. Devon Neighborhood Ass'n, Inc.*, 67 So.3d 187, 195 (Fla. 2011).

Preliminarily, the Court notes that it is unclear how applying § 627.70152 resolves Oceania's statute of limitations problem. Oceania did not file suit until October 14, 2022. (Am. Compl. ¶ 33, ECF No. 15.) Therefore, even if the September 12, 2022, deadline is extended by ten business days, Oceania's suit is late. As touched on above, § 627.70152 contains other tolling provisions, which, if applicable, might extend Oceania's statute of limitations to October 14, 2022. *See, e.g.*, § 627.70152(4)(a) ("The time limits provided in s. 95.11 are tolled during the reinspection period if such time limits expire before the end of the reinspection period."). However, Oceania nowhere argues for application of those other tolling provisions, focusing exclusively on § 627.70152(3)(b). Therefore, the Court is left unclear as to how exactly § 627.70152 tolls the statute of limitations to make Oceania's claim timely.

Nonetheless, the Court need not decide the foregoing because it concludes that § 627.70152 does not apply retroactively to Oceania's claim. "Courts considering whether § 627.70152 applies to policies issued before the statute's enactment have overwhelmingly found that, because the statute affects substantive rights by imposing new duties on the insured, it cannot be applied retroactively." *Hershenhorn v. Am. Home Assurance Co.*, No. 2:21-CV-897-JES-MRM, 2022 U.S. Dist. LEXIS 145606, at *4 (M.D. Fla. Aug. 15, 2022); *see also O'Kelley v. Lexington Ins. Co.*, No. 1:22-CV-21218-KING/DAMIAN, 2022 U.S. Dist. LEXIS 167710, at *10 (S.D. Fla. Sep. 16, 2022) (report and recommendation compiling cases). These courts have largely relied on the Florida Supreme Court's decision in *Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 874 (Fla. 2010), which analyzed a pre-suit notice provision like that in § 627.70152. In *Rosario v. Scottsdale Ins. Co.*, for example, this Court noted that *Menendez* "spoke[] clearly on the issue of the applicability of a new law that effects a substantive change to a party's rights under an insurance policy." No. 21-24005-CIV, 2022 U.S. Dist. LEXIS 11693, at *3 (S.D. Fla. Jan. 21, 2022) (Scola, J.). Specifically, retroactive application "is to be rejected 'if the statute impairs a vested right, creates a new obligation, or imposes a new penalty,'" and § 627.70152 "does just that: it effects a substantive change to the law because it 'substantively alters an insurer's obligation to pay and an

insured's right to sue under the contract.'" *Id.* (quoting *Menendez*, 35 So. 3d at 877, 879); *see also Villar v. Scottsdale Ins. Co.*, No. 22-cv-21362, 2022 U.S. Dist. LEXIS 138534, at *11 (S.D. Fla. Aug. 3, 2022) (Bloom, J.) (same).

Oceania argues that *Rosario* and other cases rejecting the retroactive application of § 627.70152 are distinguishable because, unlike in those cases, it, as the insured, is voluntarily complying with the statute's notice provisions. (Pl.'s Resp. 10, ECF No. 26.) However, this is not a significant distinction. Whether an insured voluntarily complies with the statute is irrelevant to whether the statute is substantive in nature. In addition, to apply the statute retroactively only because the insured voluntarily complies with it potentially engenders the inequitable situation wherein the insured is able to unilaterally determine when the statue governs the parties' substantive obligations and rights.

Further, to the extent Oceania argues that by voluntarily complying with the statue it is not imposing any obligations on the Defendants and that, as such, the statute's notification procedure does not touch on any of the *Menendez* factors (*Id.* at 9–10.), it also misses the mark. In *Menendez*, the Florida Supreme Court rejected retroactive application of a statue like § 627.70152 because it substantively impacted both parties. *Menendez*, 35 So. 3d at 879. Like the statute at issue in *Menendez*, § 627.70152 alters a claimant's rights in a manner that, in turn, impacts the insurer's obligations. As just one example, in response to a claimant's pre-suit notice pursuant to § 627.70152(3), § 627.70152(4) requires that an insurer "have a procedure for the prompt investigation, review, and evaluation of the dispute stated in the [claimant's] notice and must investigate each claim contained in the notice in accordance with the Florida Insurance Code." § 627.70152(3)(b)'s ten-day tolling provision is thus directly related to § 627.70152(4)'s specification that "[a]n insurer must respond in writing within 10 business days after receiving the notice specified in subsection (3)." Accordingly, "when viewed as a whole," § 627.70152 is a substantive statute. *See Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 879 (Fla. 2010); s*ee also Eichman v. Geovera Specialty Ins. Co.*, No. 3:21cv3458-MCR-HTC, 2022 U.S. Dist. LEXIS 89003, at *6-7 (N.D. Fla. Mar. 1, 2022) ("[A]s in *Menendez*, [§ 627.70152] as a whole governs substantive issues, including when suit may be filed, the tolling of limitations periods, and whether, and in what amount, statutory attorneys' fees may be awarded.").

In sum, because § 627.70152 affects the parties' substantive rights, it cannot be applied retroactively to toll the statute of limitations on Oceania's claim.

### B. Equitable Estoppel

Under Florida law, equitable estoppel requires proof of three elements:

(1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary to the condition of affairs later asserted by the estopped party; (2) a reliance upon this representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.

*United States Life Ins. Co. v. Logus Mfg. Corp.*, 845 F. Supp. 2d 1303, 1318 (S.D. Fla. 2012) (Zloch, J.); *see also State v. Harris*, 881 So. 2d 1079, 1084 (Fla. 2004) (same). The doctrine "is based on principles of fair play and essential justice and arises when one party lulls another party into a disadvantageous legal position[.]" *Fla. Dep't of Health & Rehab. Servs. v. S.A.P.*, 835 So. 2d 1091, 1096 (Fla. 2002). In other words, it "presupposes a legal shortcoming in a party's case that is directly attributable to the opposing party's misconduct." *Major League Baseball v. Morsani,* 790 So. 2d 1071, 1077 (Fla. 2001).

Oceania argues that the Defendants should be estopped from raising the statute of limitations because they have been aware since August 29, 2022, that Oceania intended to comply with § 627.70152, but stayed silent through September 12, 2022, and then responded to Oceania in accordance with statute's notice procedures. (Pl.'s Resp. 5–7, ECF No. 26.) The Defendants counter by disclaiming Oceania's assertion that neither of them questioned whether § 627.70152 applies. (Defs.' Reply 4–5, ECF No. 30.) They also argue that Oceania has otherwise failed to identify any appropriate justification for equitable relief. (*Id.* at 5–6.) The Court agrees.

Oceania fails to identify a single representation by the Defendants on which it relied in deciding to comply with the pre-suit provisions of § 627.70152 instead of filing suit. Per Oceania's own account, it decided to submit its notices of intent on August 29, 2022, and it wasn't until September 13, 2022, one day after the September 12, 2022, statute of limitations date, that the Defendants responded. As clarified by Oceania itself, the Defendants' responses were timely under § 627.70152(a) due to the intervening Labor Day holiday. (Pl.'s Resp. 3 n.3, ECF No. 26.) Therefore, Oceania's position would effectively impose an affirmative obligation on the Defendants to warn it, even before their deadline to respond, of the running of the September 12, 2022, statute of limitations and the inapplicability of § 627.70152. Oceania does not

cite, and this Court is not aware, of any authority in support of such an obligation.

Further, the cases relied on by Oceania are distinguishable because in them, unlike here, noncompliance with the statute of limitations can be traced to the estopped party's conduct. For example, the defendant in *Salcedo v. Asociacion Cubana* had "secur[ed] the dismissal of a timely-filed action by successfully contending that the case must be submitted to medical mediation." 368 So. 2d 1337, 1338 (Fla. 3d DCA 1979). "[H]aving successfully claimed that mediation was a required condition precedent to the filing of th[e] action," it was later estopped from arguing "that the delay specifically caused by the pendency of that very proceeding [] resulted in the running of the statute of limitations." *Id.* at 1339. Similarly, in *Glantzis v. State Auto. Mut. Ins. Co.*, the appellee was equitably estopped from relying on the statute of limitations because it had accepted the appellant's demand for arbitration in writing and proceeded to pick arbitrators before arguing, upon the passing of the statute of limitations, that the "deal was off." 573 So. 2d 1049, 1051 (Fla. 4th DCA 1991). As explained by the *Glantzis* court, "[w]hen [the] appellants demanded arbitration, they also had the option to file suit[,]" but "when [the appellee] accepted the demand to arbitrate and proceeded along those lines, the necessity for [the] appellants to file suit was obviated." *Id.* Unlike in these and the other cases relied on by Oceania, there was no conduct by the Defendants here that obviated Oceania's need to meet the September 12, 2022, statute of limitations. The Defendants made no communications to Oceania prior to September 12, 2022, that suggested they accepted proceeding according to § 627.70152's pre-suit procedures in lieu of the usual litigation process. Further, even the Defendant's September 13, 2022, responses specified that they were made in compliance with "Fla. Stat. § 627.70152, *if* such statute applie[d]." (Am. Compl. ¶¶ 22–25, ECF No. 15) (emphasis added).

Finally, Oceania's argument that the Defendants' current stance is a reversal of its previous position in state and federal courts seems to confound the doctrines of equitable and judicial estoppel. A party seeking the invocation of judicial estoppel under Florida law must establish four elements:

> [1] A claim or position successfully maintained in a former action or judicial proceeding [2] bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, [3] to the prejudice of the adverse party, [4] where the parties are the same in both actions, subject to the "special fairness and

policy considerations" exception to the mutuality of parties requirement.

*Boneta v. Am. Med. Sys.*, No. 20-CV-60409-RUIZ/STRAUSS, 2021 U.S. Dist. LEXIS 195531, at *12 (S.D. Fla. Oct. 11, 2021), *report and recommendation adopted*, 2021 U.S. Dist. LEXIS 200668 (S.D. Fla. Oct. 19, 2021) (Ruiz, J.) (quoting *Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc.,* 277 So. 3d 629, 631 (Fla. 5th DCA 2018); *see also Bueno v. Workman*, 20 So. 3d 993, 997 (Fla. 4th DCA 2009) ("The elements of judicial estoppel are the same as equitable estoppel, with the added elements of successfully maintaining a position in one proceeding, while taking an inconsistent position in a later proceeding, in which the same parties and questions are involved."). Although it provides a sampling of the Defendants' motions to dismiss from *other* actions involving *other* parties (Pl.'s Resp. 6 n.6, ECF No. 26), Oceania does not explain the relevance of those unrelated actions to the current case or provide any authority for why the Defendants' alleged statements in those other actions should estop them from taking a different position here.

In sum, the Court concludes that Oceania fails to identify any representation by the Defendants on which it detrimentally relied in deciding to forego filing its claim by September 12, 2022, and, as such, equitable estoppel does not bar the Defendants from raising the statute of limitations.

### C. Equitable Tolling

"Under certain circumstances," the doctrine of equitable tolling permits "the filing of a lawsuit that otherwise would be barred by a limitations period." *Machules v. Dep't of Admin.*, 523 So. 2d 1132, 1133-34 (Fla. 1988). The doctrine permits "a type of equitable modification which 'focuses on the plaintiff's excusable ignorance of the limitations period and on [the] lack of prejudice to the defendant.'" *Id.* at 1334 (quoting *Cocke v. Merrill Lynch & Co.*, 817 F.2d 1559, 1561 (11th Cir. 1987)). Further, the doctrine has generally "been applied when the plaintiff has been misled or lulled into inaction, has in some extraordinary way been prevented from asserting [its] rights, or has timely asserted [its] rights mistakenly in the wrong forum." *Id.*

Oceania argues that, on August 29, 2022, several conditions converged such that it had no choice but to pursue compliance with § 627.70152's pre-suit notice provisions rather than file suit before September 12, 2022. (Pl.'s Resp. 7–9, ECF No. 26.) Per Oceania, if it had forgone sending the pre-suit notices, the Defendants would surely have moved to dismiss its complaint, and, if successful, would have left Oceania out of court and past the statute of limitations. (*Id.* at 8.) The Defendants respond by pointing out that over nine

months passed from the moment they denied coverage to when Oceania sent its notices, and that Oceania offers no explanation for this delay. (Defs.' Reply 2–3, 6, ECF No. 30.) Thus, they argue, Oceania's inaction leading up to August 29, 2022, rather than some imaginary Hobson's choice, is the real reason why this suit is untimely. (*Id.*) The Court agrees.

The circumstances outlined by Oceania—amounting to a last-minute choice between complying with § 627.70152 in the hope that its tolling provision would apply and timely filing suit within the statute of limitations—are not the sort to which equitable tolling has been applied. *See generally Machules*, 523 So. 2d at 1133-34. As explained in more detail above with respect to equitable estoppel, Oceania does not point to any facts that indicate it was misled or lulled, by the Defendants or otherwise, into waiting until two weeks before the statute of limitations deadline to begin moving on its claim. Further, there is nothing extraordinary about the circumstances presented by Oceania. At most, they amount to a difficult legal decision whose potentially serious consequences could have been avoided if Oceania had not waited until the last moment to pursue its claim. *See, e.g.*, *Washington v. Keitz*, No. 2:14-CV-14470-ROSENBERG, 2015 U.S. Dist. LEXIS 196778, at *8 (S.D. Fla. June 30, 2015) (Rosenberg, J.) (rejecting equitable tolling where plaintiffs' counsel waited "over two weeks" to address an issue arising from a failed attempt to file complaint "two days before the statute of limitations expired"); *Fowler v. Coad*, No. 3:14-cv-309-RS-EMT, 2015 U.S. Dist. LEXIS 52765, at *10 (N.D. Fla. Apr. 22, 2015) ("[W]hat prevented [plaintiff] from bringing a timely action against Defendants was his failure to file the Complaint until two days before the statute of limitations expired."); *Hummer v. Adams Homes of Nw. Fla., Inc.*, No. 8:13-CV-1981-T-17AEP, 2014 U.S. Dist. LEXIS 28930, at *9 (M.D. Fla. Mar. 6, 2014) ("Equitable tolling is not appropriate where the causal connection between nonconforming conduct and Plaintiffs' injuries/damages was made known to Plaintiffs well within the statute of limitations."). Finally, this is not a case where an otherwise timely assertion of rights has been made in the incorrect forum.

Accordingly, the Court concludes that the circumstances surrounding Oceania's late filing of its claim do not merit equitable tolling of the September 12, 2022, statute of limitations deadline.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendants' joint motion to dismiss the amended complaint (**Defs.' Mot., ECF No. 20**), thus dismissing Oceania's case **with prejudice**. The Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on February 23, 2023.

_____
Robert N. Scola, Jr.
United States District Judge