United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Oceania III Condominium Association, Inc., Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 22-23681-Civ-Scola ) |
| Westchester Surplus Lines Ins. Co. and Everest Indemnity Ins. Co., Defendants. | ) ) ) ) |

### Order Denying the Plaintiff's Motion for Reconsideration

    The Plaintiff Oceania III Condominium Association, Inc. ("Oceania") moves for reconsideration of the Court's February 23, 2023, order (ECF No. 32) granting the Defendants Everest Indemnity Insurance Company and Westchester Surplus Lines Insurance Company's (collectively the "Defendants") joint motion to dismiss Oceania's amended complaint. (Mot. for Recons., ECF No. 33.) The Defendants responded in opposition to Oceania's motion. (Resp., ECF No. 34.) Although Oceania did not file a reply, it later submitted a notice of supplemental authority in support of its motion. (Notice, ECF No. 37.) The Court has reviewed the record, the parties' briefs, and the relevant legal authorities. For the reasons set forth below, the Court **denies** Oceania's motion. (**Mot. for Recons., ECF No. 33**.)

    As an initial matter, the Court notes that Oceania's motion is not received favorably because it is procedurally deficient. Local Rule 7.1(a)(3) of the U.S. District Court for the Southern District of Florida requires that:

> Prior to filing any motion in a civil case, . . . counsel for the movant shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

S.D. Fla. L.R. 7.1(a)(3). The Rule further requires that "[a]t the end of the motion, and above the signature block, counsel for the moving party *shall certify*" how they have complied with the rule, and states that "[f]ailure to comply . . . may be cause for the Court to grant or deny the motion and impose on counsel an appropriate sanction . . . ." *Id.* (emphasis added). By its terms, the Rule does not exempt motions for reconsideration from its requirements. (*See id.*)

    Despite the foregoing, Oceania's motion makes no mention of conferring, or reasonable efforts to confer, with counsel for the Defendants. In addition,

even though the Defendants' response emphasizes the fact that Oceania did not confer with them prior to moving for reconsideration, Oceania did not file a reply or otherwise attempt to justify its failure to confer. This, alone, is sufficient for the Court to deny Oceania's request for reconsideration. *See, e.g.*, *Khan v. United States*, No. 13-24366-CIV-ALTONAGA, 2014 U.S. Dist. LEXIS 203035, at *3 (S.D. Fla. July 8, 2014) (Altonaga, J.) ("It is therefore unclear what efforts (if any) were made to confer with counsel for Khan about the relief the Government requests, and the Court denies the Motion on this ground.").

Notwithstanding the above, the Court also finds that Oceania's motion fails on the merits. In seeking reconsideration, Oceania invokes Federal Rules of Civil Procedure 59(e) and 60(b)(6). Oceania's burden under each Rule is essentially the same.

Rule 59(e) permits a motion to alter or amend a judgment, but only in limited circumstances—where there is "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted). Thus, "[a] Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Id.* (cleaned up).

> It is an improper use of the motion to reconsider to ask the Court to rethink what the Court already thought through—rightly or wrongly. The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (Hoeveler, J.) (cleaned up).[1]

Rule 60(b)(6) permits relief from a final judgment or order for "any other reason that justifies relief." Relief under this provision is an "extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). The moving party must show that "an 'extreme' and 'unexpected' hardship will result" absent relief. *Id.* (quoting *United States v. Swift & Co.*, 286 U.S. 106, 119, 52 S. Ct. 460, 76 L. Ed. 999 (1932)). As with Rule 59(e), a motion for

---

[1] Additionally, a Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment[,]" so that Oceania should have filed its motion by March 23, 2023. Instead, Oceania submitted its motion on March 24, 2023, without previously seeking an extension of time from the Court, which means that the motion can be denied on this ground as well.

reconsideration under Rule 60(b) "cannot be used to relitigate old matters or present arguments or evidence that the movant could have raised before the entry of judgment." *Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).

After considering Oceania's motion, the record, and the relevant legal authorities, the Court finds that Oceania does not meet the standard of either Rule 59(e) or 60(b)(6). In its order granting the Defendants' joint motion to dismiss, the Court concluded that Oceania's complaint was time-barred because it was filed after the running of the applicable statute of limitations. (*See* ECF No. 32.) To reach that conclusion, the Court considered, and rejected, three separate arguments raised by Oceania for why the statute of limitations on its claim should be tolled. (*Id.*) Oceania now argues that the Defendants' joint reply in support of their motion to dismiss inaccurately represented the interactions between the parties in the months leading up to the running of the statute of limitations, such that the events that actually unfolded support the tolling arguments previously rejected by the Court. (*See* Mot. for Recons., ECF No. 33.) Critically, however, Oceania fails to provide any justification whatsoever for waiting until now to provide the additional information on which its motion for reconsideration depends.

Oceania support its motion for reconsideration by asserting myriad additional facts and providing no less than nine (9) new exhibits to show that it was not sitting on its "proverbial hands" while the statute of limitations ran on its claim. (*Id.* at 2.) But Oceania does not give any reasons why it could not have raised this evidence before the Court issued its decision on the Defendants' motion to dismiss. To that point, all of the new materials provided by Oceania appear to have been created well before the parties' briefing on the motion to dismiss was underway, with the latest such document dated September 13, 2022. (*See* Ex. 9 to Mot. for Recons., ECF No. 33-9.) In addition, all of the materials were either drafted by, or sent to, Oceania's counsel, so there is no reason to believe that Oceania did not have access to the information until recently. Moreover, to the extent Oceania suggests that it could not adequately address the Defendants' version of events because it was only set forth in their reply in support of dismissal, Oceania could have, but failed to, move the Court for leave to file a sur-reply. Thus, the thrust of Oceania's motion is that the Court should reconsider arguments it *already* rejected because of evidence that Oceania, without any justification, failed to provide before the entry of the Court's order. This is precisely the kind of situation that the Eleventh Circuit has consistently held Rules 59(e) and 60(b)(6) were not intended for.

Finally, the Court notes that Oceania's supplemental authority does not change the Court's decision. Oceania points the Court to *Cole v. Universal Prop. & Cas. Ins. Co.*, 2023 Fla. App. LEXIS 2997 (4th DCA 2023), which was decided after the Court issued its order granting the Defendants' joint motion to dismiss. In *Cole*, Florida's Fourth District Court of Appeal held that the pre-suit notice provision in Fla. Stat. § 627.70152(3) is procedural in nature and, as such, applies retroactively to policies that, like Oceania's, were in existence at the time of the statute's enactment. (*Id.* at *13.) However, *Cole* did not address the precise issue presented by this case—*i.e.*, whether § 627.70152(3) could be applied retroactively to *toll* the statute of limitations on an insured's claim. Moreover, *Cole* specifically distinguished *Menendez v. Progressive Express Ins. Co.*, 35 So. 3d 873, 878 (Fla. 2010), the Florida Supreme Court decision on which courts have relied to "overwhelmingly f[ind] that, because [§ 627.70152] affects substantive rights by imposing new duties on the insured, it cannot be applied retroactively." *New Laxmi v. Rockhill Ins. Co.*, No. 22-23421-CIV, 2023 U.S. Dist. LEXIS 62312, at *6 (S.D. Fla. Feb. 28, 2023) (Martinez, J.) (quoting *Hershenhorn v. Am. Home Assurance Co.*, No. 21-CV-897, 2022 U.S. Dist. LEXIS 145606, at *4 (M.D. Fla. Aug. 15, 2022)). Unlike those courts, and unlike the Florida Supreme Court in *Menendez,* the *Cole* court did not consider whether § 627.70152(3)'s other provisions, such as that tolling the statute of limitations, substantively impact the rights of both the insured and the insurer, so that the statute cannot be applied retroactively in circumstances like this one. *Cf. Menendez,* 35 So. 3d at 878 (considering amendment that tolled the statute of limitations as part of the reason that new pre-suit notice provision could not be applied retroactively).[2]

Accordingly, for the reasons explained above, the Court concludes that Oceania has failed to meet the demanding standards for reconsideration and **denies** its motion under both Rules 59(e) and 60(b)(6). (**Mot. for Recons., ECF No. 33**.)

**Done and ordered** at Miami, Florida on June 12, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[2] *See also Silverberg v. Paine, Webber, Jackson & Curtis, Inc.*, 710 F.2d 678, 690 (11th Cir. 1983) ("A federal court applying state law is bound to adhere to decisions of the state's intermediate appellate courts absent some persuasive indication that the state's highest court would decide the issue otherwise.").