UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 22-23681-CIV-SCOLA/GOODMAN

OCEANIA III CONDOMINIUM
ASSOCIATION, INC.,

        Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY and
EVEREST INDEMNITY INSURANCE
COMPANY,

        Defendants.
_____/

REPORT AND RECOMMENDATIONS ON
WESTCHESTER SURPLUS LINES INSURANCE COMPANY'S FEES MOTION

In this breach of insurance contract action, the Court dismissed with prejudice Oceania III Condominium Association, Inc.'s ("Oceania" or "Plaintiff") Amended Complaint against Westchester Surplus Lines Insurance Company ("Westchester") and Everest Indemnity Insurance Company (collectively, "Defendants"). [ECF No. 32]. Westchester subsequently filed the instant motion for attorney's fees and costs. [ECF No. 35].[1] Plaintiff did not file a response and the time to do so has passed.

---

[1]     Although Westchester's motion is titled "Defendant, Westchester Surplus Lines Insurance Company's, Motion for *Entitlement* to Attorneys' Fees and Costs" [ECF No. 35

United States District Judge Robert N. Scola, Jr. referred the motion to the Undersigned "consistent with 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of the Local Magistrate Judge Rules." [ECF No. 36].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Westchester's motion and award **$3,921.25** in attorney's fees ($1,512.75 less than the amount requested) and **$402.00** in taxable costs.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

The pertinent facts are recounted in Judge Scola's dismissal Order:

> Oceania is the owner of the property located at 16485 Collins Ave., Sunny Isles Beach, FL 33160. (Am. Compl. ¶ 5, ECF No. 15.) On September 10, 2017, the property sustained a loss as a result of Hurricane Irma. (*Id.* ¶ 13.) At that time, the property was insured against certain losses under two active policies independently issued by the Defendants. (*Id.* ¶¶ 7–13.) Seeking coverage from the Defendants, Oceania complied with the policies' post-loss obligations and provided the Defendants with a full account of the damages sustained by the property. (*Id.* ¶¶ 14–15.) However, on November 4, 2021, the Defendants formally denied Oceania's claims. (*Id.* ¶ 18; Ex. A to Defs.' Reply, ECF No. 30-1.)
>
> Approximately ten months later, on August 29, 2022, Oceania submitted to each Defendant a notice of intent to enter litigation pursuant to Fla. Stat. § 627.70152(3). (*Id.* ¶¶ 20–21.) Oceania's notices specified that it intended to

---

(emphasis added)], it includes: specific dollar amounts for both fees and costs; the number of hours expended and the requested hourly rates; a discussion of the background and qualifications of the timekeepers; and attaches a copy of the relevant billing records. Moreover, the wherefore clause seeks "an order granting [Westchester] $5,434.00 in attorneys' fees and costs [sic] and $402.00 in taxable costs." *Id.* at 6.

Because Westchester's motion has the indicia of a standard fees motion, the Undersigned construes Westchester's motion as a fees motion (and not merely a motion to determine entitlement).

> file a lawsuit upon expiration of the safe harbor provision in § 627.70152(3)(a), which requires that "notice must be given at least 10 business days before filing [a] suit" arising under a residential or commercial property insurance policy. (*Id.*) Per § 627.70152(4), another provision of the same statute, the Defendants were required to "respond in writing within 10 business days after receiving" Oceania's notices. Because of the intervening Labor Day holiday, the Defendants' response deadline fell on September 13, 2022. On that day, the Defendants responded to Oceania's notices of intent by requesting re-inspection of the property in accordance with § 627.70152(4). (*Id.* ¶¶ 22–25.) The Defendants' responses also made Oceania settlement offers in the amount of $500 each, specifying that the offers were made "to avoid litigation and because [the Defendants were] required to [make them] under Fla. Stat. § 627.70152, if such statute applie[d]." (*Id.*)
>
> **Critically, the statute of limitations on Oceania's claim, as set forth in Fla. Stat. § 95.11(2), expired on September 12, 2022**, one day before the Defendants' responses to the notices were due. However, rather than file suit on September 12, 2022, Oceania continued to engage with the Defendants pursuant to the pre-suit procedures outlined in § 627.70152. On September 15, 2022, Oceania emailed the Defendants acknowledging their request for reinspection of the property and attempting to coordinate dates for reinspection within the fourteen-day period set forth in § 627.70152(4). (*Id.* ¶ 27.) Although the parties engaged in some back-and-forth on the scheduling, no reinspection occurred, and on October 4, 2022, upon the lapse of fourteen business days, Oceania filed the instant lawsuit. (*Id.* ¶¶ 27–33.)

[ECF No. 32, pp. 1-2 (footnote omitted; emphasis added)].

Judge Scola determined that Plaintiff's claim was barred by the five-year statute of limitations that ended on September 12, 2022 and dismissed Plaintiff's case with prejudice. *Id.* Plaintiff filed a motion for reconsideration, which Judge Scola denied. [ECF Nos. 33, 42].

Having obtained a dismissal with prejudice, Westchester now seeks to recover attorney's fees pursuant to Fla. Stat. § 768.79.

## II. ANALYSIS

Westchester seeks $5,434.00 in attorney's fees pursuant to Florida's proposal for settlement statute, Fla. Stat. § 768.79. This amount represents fees incurred after the Proposal for Settlement's January 13, 2023 service date. [ECF No. 35, p. 4 n.3].[2]

At the outset, the Undersigned notes that Westchester's fees motion does not strictly comply with Local Rule 7.3. For instance, the motion is not verified. Nonetheless, because Plaintiff did not file a response, the Court should exercise its discretion and consider the merits of Westchester's motion. *See Carnival Corp. v. McCall*, No. 18-24588-CIV, 2021 WL 2338647, at *4 (S.D. Fla. Apr. 26, 2021), report and recommendation adopted, No. 18-CV-24588, 2021 WL 2333102 (S.D. Fla. June 8, 2021) ("[T]he Court has discretion in applying the Local Rules." (citing *Maale v. Kirchgessner*, No. 08-80131-CIV, 2011 WL 1549058, at *5 (S.D. Fla. Apr. 22, 2011)).

---

[2] Under section 768.79, "a prevailing party is entitled to recover their attorney's fees going back to the date the offer of judgment was served." *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1360 (S.D. Fla. 2010). Here, Westchester served its Proposal for Settlement on January 13, 2023 [ECF No. 35-1] and is seeking fees beginning on January 17, 2023. [ECF No. 35-2, p. 1].

### a. Attorney's Fees

#### i. Entitlement to Attorney's Fees

The party seeking attorney's fees bears the burden of establishing entitlement. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also A.C.L.U. of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("[F]ee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)). Where, as here, the Court's jurisdiction is based on diversity of citizenship, state law governs a party's entitlement to attorney's fees. *See Prime Ins. Syndicate, Inc. v. Soil Tech Distributors, Inc.*, 270 F. App'x 962, 963 (11th Cir. 2008) (noting that the Eleventh Circuit has "consistently recognized that in diversity cases a party's right to attorney's fees is determined by reference to state law").

"Florida courts follow the 'American Rule' that attorney's fees may only be awarded pursuant to an entitling statute or agreement among the parties." *Am. Family Mut. Ins. Co. v. Alvis*, 72 So. 3d 314, 317 (Fla. 2d DCA 2011) (citing *Dade Cnty v. Pena*, 664 So. 2d 959, 960 (Fla. 1995)). The Eleventh Circuit "has deemed § 768.79 to be substantive for *Erie*[3] purposes[.]" *Tiara Condo. Ass'n, Inc.*, 697 F. Supp. 2d at 1357 (citing *McMahan v. Toto*, 311 F.3d 1077 (11th Cir. 2002) (footnote added)); *Steffen v. Akerman Senterfitt*, No. 804CV1693T24MSS, 2007 WL 9723389, at *4 (M.D. Fla. Mar. 20, 2007) ("Florida Statute § 768.79 is substantive in nature for *Erie* purposes and applies in diversity cases in federal

---

[3]    *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938).

5

court in Florida.").

Section 768.79 states, in pertinent part, that:

In any civil action for damages filed in the courts of this state, if a defendant files an offer of judgment which is not accepted by the plaintiff within 30 days, the defendant shall be entitled to recover reasonable costs and attorney's fees incurred by her or him or on the defendant's behalf pursuant to a policy of liability insurance or other contract from the date of filing of the offer if the judgment is one of no liability or the judgment obtained by the plaintiff is at least 25 percent less than such offer[.]

Fla. Stat. § 768.79(1).

Section 768.79(2) further requires that the offer:

(a) Be in writing and state that it is being made pursuant to this section.

(b) Name the party making it and the party to whom it is being made.

(c) State with particularity the amount offered to settle a claim for punitive damages, if any.

(d) State its total amount.

The offer shall be construed as including all damages which may be awarded in a final judgment.

Fla. Stat. § 768.79(2).

"Rule 1.442 dictates the service, form, and content of a settlement proposal made pursuant to section 768.79." *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597125, at *3 (M.D. Fla. June 4, 2020), report and recommendation adopted sub nom. *Endurance Am. Specialty Ins. Co. v. Safeco Ins. Co. of Illinois*, No. 8:17-CV-2832-T-33CPT, 2020 WL 9597127 (M.D. Fla. Aug. 6, 2020). It requires

6

that an offer of judgment be in writing, identify the Florida law under which it is being made and:

> (A) name the party or parties making the proposal and the party or parties to whom the proposal is being made;
>
> (B) state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
>
> (C) exclude nonmonetary terms, with the exceptions of a voluntary dismissal of all claims with prejudice and any other nonmonetary terms permitted by statute;
>
> (D) state the total amount of the proposal;
>
> (E) state with particularity the amount proposed to settle a claim for punitive damages, if any;
>
> (F) state whether the proposal includes attorneys' fees and whether attorneys' fee are part of the legal claim; and
>
> (G) include a certificate of service in the form required by Florida Rule of General Practice and Judicial Administration 2.516.[4]

Fla. R. Civ. P. 1.442(c)(2) (footnote added).

---

[4] The Eleventh Circuit in *Horowitch v. Diamond Aircraft Indus., Inc.* held that subsection (c)(2)(G)'s certificate of service requirement is procedural under *Erie* and is inapplicable in federal court because it conflicts with Federal Rule of Civil Procedure 5(d)(1). 645 F.3d 1254, 1258-59 (11th Cir. 2011).

Section 768.79 and Rule 1.442 are strictly construed. *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 376 (Fla. 2013) ("Both section 768.79 and [R]ule 1.442 are in derogation of the common law rule that each party is responsible for its own attorney's fees which requires that we strictly construe both the statute and the rule.").

At the same time, courts have "not required the elimination of *every* ambiguity—only reasonable [ones]." *Allen v. Nunez*, 258 So. 3d 1207, 1211 (Fla. 2018) (emphasis added). The Florida Supreme Court has stated that "[p]roposals for settlement are intended to end judicial labor, not create more" and has "discouraged [courts] from 'nitpicking' proposals for settlement to search for ambiguity." *Id.* (quoting *Nichols*, 932 So. 2d at 1079).

A "settlement proposal [must] be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification." *State Farm Mut. Auto. Ins. Co. v. Nichols*, 932 So. 2d 1067, 1079 (Fla. 2006). The Proposal for Settlement in the instant case meets that requirement.

Westchester's Proposal for Settlement complies with Fla. Stat. § 768.79 and Fla. R. Civ. P. 1.442. The Proposal for Settlement: (1) is in writing; (2) states that it was made pursuant to Fla. R. Civ. P. 1.442 and Fla. Stat. § 768.79; (3) names Westchester as the offeror and Oceania as the offeree; (4) states the total amount of the offer and indicates it would resolve all claims arising out of the operative complaint, including attorney's fees; and

(5) states that there was no claim for punitive damages and therefore the offer is made "exclusive of punitive damages." [ECF No. 35-1].

Westchester served the Proposal for Settlement on Plaintiff and Plaintiff did not accept. Thereafter, Judge Scola dismissed Plaintiff's Amended Complaint [ECF No. 32] with prejudice. Thus, Plaintiff recovered nothing from Westchester in this matter.

The Court may refuse to award fees and costs if the offer was not made in good faith. Fla. Stat. § 768.79(7)(a) ("If a party is entitled to costs and fees pursuant to the provisions of this section, the court may, in its discretion, determine that an offer was not made in good faith. In such case, the court may disallow an award of costs and attorney's fees."). The burden is on Plaintiff to establish that the offer of judgment was not made in good faith. *Concrete Works & Paving, Inc. v. Great Midwest Ins. Co.*, No. 19-60312-CIV, 2021 WL 4522498, at *1 (S.D. Fla. Jan. 29, 2021). As noted above, Plaintiff did not respond to the instant motion and therefore raised no objections to the Proposal for Settlement.

Here, there is no record evidence supporting a finding of bad faith. A nominal amount does not, in and of itself, establish that an offer was made in bad faith. *See Zendejas v. Redman*, 334 F. Supp. 3d 1249, 1258 (S.D. Fla. 2018) ("'[N]ominal offers of judgment are not alone determinative of bad faith.' The mere fact a plaintiff seeks a high amount of damages does not undermine a defendant's reasonable belief of minimal exposure." (quoting *Fox v. McCaw Cellular Commc'ns of Fla., Inc.*, 745 So. 2d 330, 333 (Fla. 4th DCA

9

1998) (internal citation omitted))); *McMahan*, 311 F.3d at 1083 (affirming finding that $100.00 offer was made in good faith).

Moreover, Westchester had reasonable grounds for its $500.00 offer. As noted in Judge Scola's dismissal Order, "the statute of limitations on Oceania's claim, as set forth in Fla. Stat. § 95.11(2), expired on September 12, 2022." [ECF No. 32, p. 2]. The timestamp on Plaintiff's state court initial complaint reflects a filing date of October 4, 2022 [ECF No. 1-2, p. 4], after the limitations period had run.

"The obligation of good faith merely insists that the offeror have some reasonable foundation on which to base an offer." *McMahan*, 311 F.3d at 1083 (quoting *Schmidt v. Fortner*, 629 So. 2d 1036, 1039 (Fla. 4th DCA 1993)). Westchester's Proposal for Settlement satisfies this standard.

In sum, the Proposal for Settlement is valid and enforceable under Fla. Stat § 768.79 and Fla. R. Civ. P. 1.442. Having determined that Westchester is entitled to recover attorneys' fees, the Undersigned will now address the reasonableness of the requested fees.

### ii. Amount

The Court must determine whether the requested amount of fees is reasonable. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley* 461 U.S. at 434. This amount is typically referred to as the "lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008).

The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886, 897 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. The moving party bears the burden of documenting the reasonableness of the hours expended and the hourly rate. *Barnes*, 168 F.3d at 427.

Plaintiff did not respond to the instant motion and therefore is not contesting the reasonableness of the hourly rates sought in this case or the number of hours expended. Nonetheless, the Court must still ensure that the fees it awards are reasonable. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1325 (S.D. Fla. 2015) ("[T]he Court has an independent obligation to review fee motions and bills of costs to independently determine whether the hourly rates sought are reasonable, the number of attorney hours sought are reasonable, and that the costs sought to be taxed are properly taxable pursuant to the cost statute."); *see also Kelly v. Lee Cnty. R.V. Sales Co.*, No. 8:18-CV-424-T-27JSS, 2021 WL 3111553, at *2 (M.D. Fla. July 22, 2021) (reducing hourly rates of two timekeepers

despite no challenge to the hourly rates by the opposing party); *United States v. Harris*, No. 16-21152-CIV, 2018 WL 6978634, at *2 (S.D. Fla. Dec. 17, 2018) (noting that "the Court must still determine whether the requested amount of fees is reasonable" even in instances where the fees motion is unopposed).

### 1. Reasonable Hourly Rate

The Court must evaluate the reasonableness of counsel's hourly rate. The Eleventh Circuit defines a "reasonable hourly rate" as "the prevailing market rate in the relevant legal community for similar services by attorneys with reasonably comparable skills, experience, and reputation. *Norman*, 836 F.2d at 1299 (citing *Blum*, 465 U.S. at 895-96 n.11). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Id.* at 1302 (internal citation omitted).

In determining the prevailing market rate, the Court should consider several factors, including: "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (discussing factors set out in *Johnson v. Georgia Hwy. Exp., Inc.*, 488 F.2d 714, 717-18 (5th Cir. 1974)).

Westchester seeks hourly rates of: $255.00 for Christopher M. Ramey (partner), $215.00 for Justin W. Sblano (senior associate), and $100.00 for paralegal time. [ECF No. 35, ¶ 18].

Local Rule 7.3 requires the party moving for fees to state "the identity, experience, and qualifications for each timekeeper for whom fees are sought." S.D. Fla. L.R. 7.3(a)(5)(A). Westchester's motion states that:

> 19. Attorney Sblano (Florida Bar Number 1008138) was first admitted to practice law in the state of Florida in 2018. Since admission, Attorney Sblano's practice is solely committed to first party property coverage. Attorney Sblano began his professional career at [Butler Weihmuller Katz Craig LLP ("Butler")] as an associate attorney and is now a senior associate.
>
> 20. Attorney Ramey (Florida Bar Number 0044808) obtained his Florida bar license in 2007, and [he] is a partner in Butler's Tampa office. Since admission, Attorney Ramey's practice solely [sic] committed to first party property coverage. Attorney Ramey began his professional career at Butler as an associate attorney and is now a partner.
>
> 21. Paralegal [Makitia] Dillard has sixteen years of experience as a paralegal at Butler, who assists on Attorney Ramey's and Attorney Sblano's first party claims.

[ECF No. 35, ¶¶ 19-21].

The Undersigned has no difficulty concluding that the hourly rates requested are *more* than reasonable for Westchester's timekeepers.

Attorneys with less experience than Messrs. Ramey and Sblano have been awarded higher hourly rates in insurance cases filed in this District. *See*, *e.g.*, *Atain Specialty Ins. Co. v. Henry's Carpet & Interiors, Inc.*, No. 20-62089-CIV, 2021 WL 4976228, at

\*3 (S.D. Fla. July 12, 2021) (awarding hourly rate of $375.00 to attorney with twelve years of experience who worked mostly on insurance-related disputes), report and recommendation adopted, No. 20-62089-CIV, 2021 WL 4472081 (S.D. Fla. Sept. 30, 2021); *Mt. Hawley Ins. Co. v. Las Vistas at Doral Condo. Ass'n, Inc.*, No. 19-24491-CIV, 2021 WL 2227928, at \*3 (S.D. Fla. Mar. 19, 2021), report and recommendation adopted, No. 19-24491-CV, 2021 WL 2223367 (S.D. Fla. June 2, 2021) (in insurance declaratory action lawsuit, finding $300.00 was reasonable for an attorney with two years of experience).

Moreover, a $100.00 paralegal hourly rate is reasonable. *See Vallejo v. Narcos Prods. LLC*, No. 18-23462-CIV, 2020 WL 6815056, at \*4 (S.D. Fla. Aug. 24, 2020), report and recommendation adopted, No. 18-23462-CIV, 2020 WL 5626635 (S.D. Fla. Sept. 21, 2020) (adjusting paralegal rate "to an hourly rate [of] $100, consistent with this market"); *Dan Van Tran v. City of Miami*, No. 05-21206-CIV, 2007 WL 9754448, at \*5 (S.D. Fla. Mar. 8, 2007) ("$100 per hour is within the range of prevailing paralegal rates"); *Mt. Hawley Ins. Co.*, 2021 WL 2227928, at \*3 (awarding paralegal hourly rate of $100 in insurance coverage action).

In sum, the Undersigned **respectfully recommends** that the District Court award the requested hourly rates of: $255.00 for Mr. Ramey, $215.00 for Mr. Sblano, and $100.00 for paralegal time.

**2. Reasonable Hours Expended**

The Court must next evaluate the reasonableness of the total hours expended by Westchester's counsel. The moving party bears the burden of providing the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Norman*, 836 F.2d at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011), subsequently aff'd, 492 F. App'x 73 (11th Cir. 2012) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action." (citing *Barnes*, 168 F.3d at 427, 432-33)).

The party requesting fees must exercise "billing judgment" and must exclude from its fees motion those hours that would be unreasonable to bill a client, and therefore to one's adversary, "irrespective of the skill, reputation, or experience of counsel." *Norman*, 836 F.2d at 1301.

In determining the number of hours reasonably expended, the Court must exclude "excessive, redundant or otherwise unnecessary hours" from those claimed. *Id.* at 1303. Judges "need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Ultimately, the computation of a fee award is necessarily an exercise of judgment, because '[t]here is no precise rule or

formula for making these determinations.'" *Villano v. City of Boynton Beach*, 254 F.3d 1302, 1305 (11th Cir. 2001) (quoting *Hensley*, 461 U.S. at 436).

Westchester seeks to recover $5,434.00 in attorney's fees for 22.3 hours expended between January 17, 2023 and February 24, 2023. [ECF No. 35-2]. It attached billing records to its motion. *Id*. The billing records are sufficiently detailed in that they disclose the timekeeper, the date each task was performed, provide a description of the work performed, and state the number of hours expended. *Id.*

The Undersigned has reviewed the billing records submitted in support of Westchester's fees motion and finds that, for the most part, they are contemporaneous, complete, standardized, and appropriately reflect the work done by each timekeeper. Nonetheless, some reductions are warranted to account for excessive time spent on the joint reply in support of the motion to dismiss.

"If a court determines that the number of hours is unreasonably high, there are two recognized methods available to the court to reduce the amount of attorneys' fees: 'it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut.'" *Grasso v. Grasso*, No. 8:13-CV-3186-T-33AEP, 2016 WL 8716273, at *4 (M.D. Fla. Oct. 21, 2016), report and recommendation adopted, No. 8:13-CV-3186-T-33AEP, 2016 WL 7240051 (M.D. Fla. Dec. 15, 2016) (quoting *Bivins v. Wrap it Up, Inc.*, 548 F.3d 1348, 1352 (11th Cir. 2008)). In the instant case, Westchester's billing invoice consists

of 39 time entries and is not so voluminous that an hour-by-hour analysis would be impractical.

The joint reply -- a document submitted jointly by Westchester and co-defendant Everest Indemnity Insurance Company -- is eight-pages long, including the certificate of service (and excluding exhibits). [ECF No. 30]. Westchester's billing records reflect that its attorneys billed at least 12.10 hours[5] for "[f]urther preparation," or "[f]inal preparation" of the joint reply. This is an excessive amount of time spent on this task. Therefore, the Undersigned respectfully recommends that this 12.10-hour total be reduced to 6.05 hours.[6] The remaining time entries are reasonable and do not warrant any reduction.

In sum, the Undersigned **respectfully recommends** that the District Court award Westchester **$3,921.25** ($1,512.75 less than the amount requested) in reasonable attorney's fees.

---

[5] These time entries consist of: 1.20 hours on 1/18/2023, 3.20 hours on 1/19/2023, 5.10 hours on 1/20/2023, and 1.50 and 1.10 hours on January 30, 2023. [ECF No. 35-2, pp. 1-2]. There are other time entries related to the preparation of the joint reply which the Undersigned does not find excessive and are therefore excluded from the 12.10-hour total.

[6] The 6.05 hours total $1,512.75 and are calculated as follows: 1.20/2 x $255.00, 3.20/2 x $255.00, 5.10/2 x $255.00, 1.50/2 x $215.00 and 1.10/2 x $255.00. [ECF No. 35-2, pp. 1-2].

**b.     Costs**

Westchester also seeks $402.00 in taxable costs for the removal fee. [ECF No. 35, ¶ 22].

The prevailing party is entitled to recover removal filing fees because the fee has been "'explicitly recognized as a taxable 'fee of the clerk' under 28 U.S.C. § 1920(1).'" *Covington v. Ariz. Beverage Co., LLC*, No. 08-21894-CIV, 2011 WL 810592, at *3 (S.D. Fla. Jan. 25, 2011) (quoting *Chism v. New Holland N. Am.*, Inc., 2010 WL 1961179, *3 (E.D. Ark. 2010)). Additionally, Plaintiff failed to respond to the instant motion and therefore raises no objection to this cost. As such, the Undersigned **respectfully recommends** that Westchester be awarded **$402.00** for the filing fee incurred in removing this case to federal court.

### III.    CONCLUSION

The Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Westchester's fees motion [ECF No. 35] and award it **$3,921.25** in attorney's fees and **$402.00** in taxable costs.

### IV.    OBJECTIONS

The parties will have 14 days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with the United States District Judge. Each party may file a response to the other party's objection within 14 days of the objection. Failure to file objections timely shall bar the parties from

a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 18, 2023.

_____
Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola, Jr.
All Counsel of Record